MARSHALL *against* DALLIBER.

To take a case out of the statute of limitations, the defendant must voluntarily relinquish its protection, either by an express promise to pay the debt, or by an acknowledgment of it as still due.

Where the defendant in an action on a promissory note, to which the defence was the statute of limitations, had said, that such note had been paid, by the services of his wife in the dwelling-house of the plaintiff; and the plaintiff proved, that payment had not so been made; it was held, that this did not amount to an acknowledgment of the debt, sufficient to take it out of the statute.

This was an action, brought by the plaintiff, as executor of *Raphael Marshall*, deceased, on a promissory note, made by the defendant, dated the 20th of *March*, 1816, for 200 dollars, payable to said *Raphael Marshall*, or order, on demand. The action was commenced on the 5th of *June*, 1823, more than six years after the execution of the note.

The cause was tried at *Litchfield, August* term, 1824, before *Brainard*, J.

The defence was the statute of limitations. To repel this defence, the plaintiff offered a witness to prove, that in a conversation with the defendant, in *December*, 1823, he, the defendant, said, that the note described in the plaintiff's declaration had been paid up, by the services of the defendant's wife, after they were married, and before they removed from the dwelling-house of the plaintiff's testator. In connexion with this testimony, the plaintiff offered another witness to prove, that the defendant was married in the year 1806, and that he and his wife, who was the daughter of the testator, removed from the dwelling-house of the testator, in the *Fall* of the year 1809. The plaintiff also offered in evidence the account books of his testator, containing a settlement of book accounts, signed by the testator and the defendant, in the years 1809, 1810 and 1813, and on the 20th of *March*, 1816, in which there was no mention of the services of the defendant's wife, and in which the defendant was charged with his board during his residence in the family of the testator after his marriage. To the admission of all this evidence the defendant objected; but the judge admitted it, and it was received and considered by the jury.

In his charge to the jury, the judge instructed them as follows: "The question in this case is, whether the defendant did, within six years previous to the commencement of this suit, recognize this debt; acknowledge its original justice, and that it was still due. And although, generally, what amounts to

such a recognition as will take a case out of the statute of limitations is a matter of law; yet, in this case, whether there was such a recognition seems to be a question of fact; and as such, I must leave it to the determination of the jury. To support this recognition or new promise, the plaintiff relies on certain declarations or concessions of the defendant, made, at various times, in relation to this note; and a question arises, what declarations or concessions of the defendant ought to be received, and under what restrictions and qualifications. It is a general and just rule, that all the declarations or concessions of a party must be taken together. The party wishing to avail himself of them cannot admit a part, and reject a part, at the same time. If a party,—the defendant, for instance,—states a particular fact in corroboration of his declaration, or gives a particular reason why it is true, it is competent for the opposite party to enquire into the truth of such fact, and the soundness of such reason; for if a man will state further facts in connexion with the principal fact, he must submit to an investigation of their truth. If he states, that he paid a note, and states *how*, the mode of payment may be enquired into. You will, then, take the case into consideration, and if, from a full view of the testimony, you shall be satisfied, that the defendant did, within six years previous to the commencement of this action, recognize this debt; acknowledge the original debt, and that it was still due; you will find the issue for the plaintiff; otherwise, for the defendant."

The jury returned a verdict for the plaintiff; and the defendant moved for a new trial, on the ground of the admission of *improper testimony*, and for a misdirection.

*J. W. Huntington*, in support of the motion, after adverting, with some emphasis, to the regret so often expressed, by the judges in *Westminster-Hall*, at the latitude of construction, given, in that country, to the statute of limitations, and urging the highest court of law in this state, not being shackled by the precedents which occasion that regret, to give effect to the statute according to its obvious import, contended, That the charge could not be supported, by the decisions either of the *English* courts or of our own. According to those decisions, to take a case out of the statute, there must be an acknowledgment of *a subsisting debt*. The debtor must admit, that there originally was a debt, and that it remains due and unpaid. *Rowcroft v. Lomas*, 4 *Mau. & Selw.* 457. *Clementson v. Williams*, 8 *Cranch*

*Litchfield,*
June,
1825.

Marshall
*v.*
Dalliber.

Marshall
*v.*
Dalliber.

72.   *Sands* v. *Gelston,* 15 *Johns. Rep.* 511.   *Lord* v. *Shaler,* 3 *Conn. Rep.* 131.   The jury were instructed, that if the defendant admitted the claim originally to exist, but affirmed that it was paid, and stated the manner of its payment; the plaintiff was at liberty to shew, that payment in that manner had not been made; and if the jury were satisfied of this, they might consider the acknowledgment as taking the case out of the statute.

In the first place, the charge considers a plea of the statute of limitations as equivalent to a plea of payment; thus making the right to recover to depend, not upon *an admission of the debt,* but upon proof that it *has not been paid.*

Secondly, it converts *a positive denial* of any indebtedness into *an acknowledgement* of it.   The defendant says, the note in suit has been paid, and superadds the mode of payment.   It is obvious, that this language, so far from admitting that it is a legal demand against him, affirms the contrary.   To this the plaintiff replies, that the note has never been paid in the mode mentioned by the defendant, and offers evidence to prove that the defendant has not paid it; and the judge instructs the jury, that if they find the fact of payment not made out as claimed by the defendant, they must find the issue for the plaintiff. Now, this is nothing more than forming an issue upon the plea of payment, on the one side, and a denial of it, on the other, and resting the decision of the cause, not upon *what* the defendant said, but upon the *truth* of what he said.   When it is claimed, that a subsequent acknowledgment of a debt has been made, it is obvious that the acknowledgment alone is that which revives the debt.   The statute of limitation ceases to be a bar, because the defendant has *admitted,* that he owes the debt.   But in the charge of the judge, no regard is had to what was *actually said* by the defendant; but the attention of the jury is directed to the enquiry whether what he said was *true or false.*

Thirdly, if an unfounded denial of payment *in a particular way,* will remove the bar, there is no reason why such a denial of payment *generally,* will not have the same effect.   In both cases, the *falsehood* of the declaration is the same.   It will then follow, that if the defendant says he has paid the debt, and the plaintiff can prove that he has not, this amounts to an acknowledgment that the debt is still due: In other words, an *unfounded denial,* is an *acknowledgement,* of the *present existence* of the debt.

Fourthly, the statute of limitations is a statute of repose.   It

was made to prevent claims from being made, at a time when it might be reasonably supposed, that the *evidence* of their being discharged, was lost, or could not be had. The charge defeats this object. It requires the defendant to shew, that he did in fact pay, as he declares he did, when the statute supposes he has not the means of proof.

The charge wants the support not only of *principle*, but of *authority ;* it being opposed to numerous decisions, and having none entirely in its favour. In two cases only will it be found, that the declarations of the defendant were connected with a denial of present indebtedness. The first of these is *Partington* v. *Butcher*, 6 *Esp. Rep.* 66. In *assumpsit* for the amount of two promissory notes, it appeared, that the defendant had admitted the receipt of the money, and that it was still unpaid, but claimed that it had been discharged, by a particular writing, which he referred to. That writing being produced, Sir *James Mansfield*, before whom the cause was tried, was of opinion that it was not a legal discharge. As the admission, aside from the qualification superadded, was an admission of a subsisting debt ; and as, in his view of the subject, the ground relied on for the support of that qualification, failed ; he considered it as an absolute admission. The other case alluded to, is *Helling* v. *Shaw*, 7 *Taun.* 608. S. C. at *Nisi Prius*, 1 *Moore* 340. There, the admission was held to be *insufficient* to take the case out of the statute. All that favours the claim of the plaintiff, is an *obiter dictum* of Ch. J. *Gibbs ;* and according to the report of the case in *Moore*, the defendant referred to a *written instrument*. These cases might be safely received as good law, and yet the charge would not be supported by them ; for here the judge did not confine the proof to *written documents*, but told the jury, in general terms, that the mode of payment might be enquired into ; and *parol* evidence was in fact received. But the *principle* of these cases has often been denied, in *Westminster-Hall*, and in this country ; and in *Beale* v. *Nind*, 4 *Barn & Ald.* 568. the cases themselves were not considered as of authority.

*Benedict* and *Bacon*, contra, contended, 1. That the evidence offered by the plaintiff, exclusive of what related to the mode of payment, was admissible to prove an acknowledgment of the original indebtedness of the defendant, and that it still remained, sufficient to take the case out of the statute. In *Bucker* v. *Hannay*, 4 *East* 604. n. the defendant had stated in

*Litchfield,*
June,
1825.

Marshall
*v.*
Dalliber.

an affidavit, that since the bill of exchange on which the action was brought, became due, (which was more than six years before,) no demand for payment had been made on him ; and this was held to be a sufficient acknowledgement. Where the defendant had written a letter to the plaintiff's attorney, reproaching the plaintiff for not giving him some information of his intention to bring an action against him ; threatening to go to gaol rather than pay the costs ; and then adding—"as to the matter between you and me, it will be rectified when I can settle my affairs, which, I believe, will now soon be ;" Lord *Kenyon*, at the trial, was of opinion, that this did not amount to an acknowledgment of the debt, so as to take it out of the statute of limitations, and nonsuited the plaintiff ; but the court of *King's Bench* were of a different opinion, and set aside the nonsuit. *Lloyd* v. *Maund*, 2 *Term Rep.* 760. In *Trueman* v. *Fenton, Cowp.* 548. Lord *Mansfield* said "The slightest acknowledgment has been held sufficient ; as saying, " prove your debt, and I will pay you ;" "I am ready to account, but nothing is due to you." And much slighter acknowledgments than these will take a debt out of the statute." In *Bryan* v. *Horseman*, 4 *East* 599. S. C. at *Nisi Prius*, 5 *Esp. Rep.* 81. which was *assumpsit* for wheat sold and delivered, the defendant said—"I do not consider myself as owing the plaintiff a farthing, it being more than six years since I contracted. I have had the wheat, I acknowledge, and I have paid some part of it, and 26*l.* remains due." This was held to be an acknowledgment of the existence of the debt, sufficient to take it out of the statute. In *Yea* v. *Fouraker*, 2 *Burr.* 1099. S. C. *Bul. N. P.* 149. the defendant, who had been surety in a note for another, said, "You know that I had not any of the money myself, but I am willing to pay half of it ; and this was held to have the same effect. In *Clarke* v. *Bradshaw* & al. 3 *Esp. Rep.* 157. the defendant said, "The plaintiff had paid money for him twelve or thirteen years ago, but that he had since become a bankrupt, by which he was discharged, as well as by law, from the length of time the debt had accrued." This also was held to be sufficient. In *assumpsit* for money lent, the plaintiff proved that a third person, to whom the defendant was also indebted, having called on the defendant for money, the defendant said to him, "I suppose you want money ; but I cannot pay you ; I must pay the plaintiff first, and then I will pay you." This again, was held to be sufficient. *Peters* v. *Brown*, 4 *Esp. Rep.* 46. In *Dean* v. *Pitts*, 10 *Johns. Rep.* 35. the defendant accompanied

an admission of the debt originally with a declaration that it had been paid ; and yet this was held to be a sufficient acknowledgment to take the case out of the statute, and to throw upon the defendant the burden of proving payment. The case of *Mosher* v. *Hubbard*, 13 *Johns. Rep.* 510. is to the same effect.

2. That the evidence offered by the plaintiff, to disprove the payment alleged by the defendant, was properly received. The defendant claims, and the plaintiff admits, that the whole declaration of the defendant must be taken together ; *i. e.* all the parts must be *considered*, in giving a construction to the whole. If the defendant subjoins to his admission of the debt a condition, *that* cannot be disregarded ; but the plaintiff may shew, that it has been performed ; and this being done, the admission becomes an unqualified one. *Heylings* v. *Hastings*, 1 *Salk.* 29. *Davies* v. *Smith*, 4 *Esp. Rep.* 36. So if the defendant subjoin any other qualification of his admission, it cannot be disregarded ; but it may be shewn to be *unfounded*—to be *untrue*—and this being done, the admission stands as though the defendant had never attempted to qualify it. This position is fully supported, by the decision in *Partington* v. *Butcher*, 6 *Esp. Rep.* 66. and the opinion of Ch. J. *Gibbs*, approved by the other judges of the *Common Pleas*, in *Hellings* v. *Shaw*, 7 *Taun.* 612. In the former case, which was *assumpsit* for the amount of two promissory notes, the defendant admitted the receipt of the money, which was the consideration of those notes, and that it was unpaid ; accompanying this admission with a declaration that he was excused from payment, by a writing to which he referred. This writing being produced, it appeared not to be a legal discharge ; and Sir *James Mansfield* held the admission sufficient to take the case out of the statute. In giving his opinion, he observed, that " where a party claims a discharge, as arising under a written instrument, though he has a right to have his whole admission taken together, the court have the same right, and will see whether that instrument so referred to, affords him a legal discharge or not." In the other case, Ch. J. *Gibbs* classes the cases regarding admissions, (as one of his brethren says) in an "able and luminous manner," and states the following proposition as embracing one of the classes : " Where the defendant has stated, not that the debt remained due, but that it is discharged, by a particular means, to which he has with precision referred himself, and where he has designated that time and mode so strictly, that the court can say it is impossible it had been discharged in any other mode ; if the

Marshall
*v.*
Dalliber.

plaintiff can disprove that mode, he lets himself in to recover, by striking from under the defendant the only ground on which he professes to rely." In the case before the Court, the defendant accompanied his admission of the debt, by a declaration that it had been discharged in a particular mode; now, if the plaintiff can disprove this declaration, does he not " strike from under the defendant the only ground on which he professes to rely ;" and is not evidence for this purpose adimssible ? Is not this in conformity to the decisions of common sense, and of the law in analogous cases ? May you not, on any subject, avail yourself of the admission of the principal fact, and yet shew that the explanation, excuse or justification, is false?

3. That if the evidence was properly admitted, the charge was unexceptionable; as it submitted to the jury, upon the evidence before them, the fact of an admission by the defendant, within six years previous to the commencement of the action, of the original debt, and that it was still due.

*P. Miner,* in support of the motion, and in reply, was stopped by the Court.

BRISTOL, J. The question presented for consideration in this case, is, whether the evidence offered by the plaintiff was admissible for the purpose of doing away the effect of the statute of limitations ?

The principles of law applicable to this question, have been frequently the subject of judicial decision ; and are now settled in the *United States,* the state of *New-York,* and our own State, in a manner more conformable to the intent of the legislature than many of the *English* cases. *Clementson* v. *Williams,* 3 *Cranch* 72. 74. *Sands* v. *Gelston,* 15 *Johns. Rep.* 511. *Lord* v. *Shayler,* 3 *Conn. Rep.* 131.

These principles require, that to do away the statute of limitations, a defendant must voluntarily relinquish the protection it was intended to afford, either by an express promise to pay the debt, or by acknowledging that it is *due,* from which the law raises a promise to pay, and which is tantamount to an express promise.

If such are the settled principles, to which our decision must acquiesce, the only remaining inquiry must be, whether the defendant, by his acknowledgment, did admit the continued existence of the original debt, or promise to pay it ? This he might

do, either in express terms, or by strong implication from other language which he might use.

It has not been contended, that the language used by the defendant contained a promise to pay the debt, or an acknowledgment of its justice, either express or implied. On the contrary, the defendant denied his liability, and declared the debt was satisfied, by the services of his wife, while she lived in the family of the testator.

Now, whatever doubt may have existed in the decided cases, whether the acknowledgments relied on, did, or did not amount to an admission of the debt, or a promise to pay it, still, such admission or promise, either by the defendant himself, or some othe person referred to by him, has been generally held as absolutely necessary to take a case out of the statute: and the adjudged cases here generally turned upon the true *import* of the evidence relied on, rather than on any serious doubts respecting the law. But in the present case, there *is no doubt relative to the import of the defendant's admissions;* nor can any *inference* be made against the defendant, unless his declarations relative to the *mode of payment* are suffered to be disproved, and what was in fact a denial of the debt on his part, thus converted into an absolute acknowledgment of the debt and a promise to pay it.

It is said, however, that if the plaintiff can disprove the mode of payment alleged by the defendant, this will raise a presumption, that the debt is still due ; and be equivalent to a direct acknowledgement of the debt, by the defendant ; and this principle receives considerable countenance from the case of *Hellings* v. *Shaw,* 7 *Taun..* 608. In delivering his opinion in that case, Chief Justice *Gibbs* observes, " that where a defendant states, not that a debt remained due, but that it is discharged, by *particular means,* to which he has, with *precision,* referred himself ; and where he has designated the *time* and *mode* so strictly, that the Court can say it is impossible, *it* had been discharged in any other mode ; there the Court have said, if the plaintiff can disprove *that mode,* he lets himself in to recover, by striking from under the defendant the only ground upon which he professed to rely."

But if the authority of this case were unquestionable, I should think it admitted of much doubt, whether the mode of payment alledged bythe defendant, was disproved or falsified, by the testimony of the plaintiff. The evidence of the plaintiff did not disprove the services of the defendant's wife; or shew,

that those services had been satisfied, by the testator, in some other way. The services might have been rendered to the testator, and not charged on book, and the defendant might have had a fair claim on the testator for the value of such services, which he recognized; and he might have agreed, that such services should satisfy the note, although it was dated after such services were rendered. To conclude that the defendant's language meant nothing but a strict and technical payment, would be absurd. The first answer to this authority, therefore, is, that the special mode of payment alleged by the defendant, was not disproved by the plaintiff's evidence; and, of course, there is no implied admission of the debt.

This Court, however, are not bound by this precedent; nor can they properly follow it, unless satisfied of its being reasonable and just. We have looked through the *English* decisions for the adjudged cases, from which the position of Chief Justice *Gibbs* is derived; but we have looked *in vain.* In the subsequent case of *Beale* v. *Nind,* 4 *Barn* & *Ald.* 568. the court of *King's Bench* appear dissatisfied with the positions taken by the Chief Justice of the *Common Pleas.* Chief Justice *Abbott* said "*he* was by no means satisfied, that it was competent for the plaintiff to falsify what the defendant said as to the demand being paid;" and *Bayley,* one of the most learned and accurate judges then on the court, says, "*I* am certainly not aware of the cases to which my Lord Chief Justice *Gibbs* refers, to support that proposition." In another report of the same case, decided by the *Common Pleas,* it is said Chief Justice *Gibbs* "confined his observation to the case of a defendant claiming his discharge under a written instrument, to which he, with precision, refers." The weight of *English* authorities, therefore, is not much in favour of allowing a plaintiff to disprove the special mode of payment alleged by the defendant: and we are satisfied, that whether countenanced by these authorities or not, it is opposed to principle: and we feel disinclined to make further inroads upon a statute, of great public utility; especially, when judges are constantly lamenting that too many exceptions have been made already.

A debt being barred by the statute of limitations, the defendant is entitled to take advantage of it, unless he consents to relinquish its protection, either expressly, or by evident implication. The truth or falsehood of the defendant's declaration as to paying the demand, appears to me immaterial to the true point of inquiry, which, in all such cases, should be, whether

the defendant has, by an express or implied recognition of the debt, voluntarily renounced the protection of the statute. We think this should depend on the defendant himself, and on his own declarations: not on disproving the truth of these declarations, and thereby converting what was intended as an absolute denial of any indebtedness into an acknowledgement of such debt, and a promise to pay it. It might as well be claimed, if a defendant denied the execution of a note barred by the statute of limitations, and the plaintiff could prove that he executed it, that the defendant had forfeited the protection of the statute. No intention to waive the protection of the statute can be inferred from the declarations of payment made by the defendant, even if those declarations are proved untrue.

I am, therefore, of opinion, that a new trial ought to be granted.

HOSMER, Ch. J. and PETERS and BRAINARD, Js. were of the same opinion.

New trial to be granted.