Mr. Justice Scott delivered the opinion of the court. The only question in this case relates to the sufficiency of the written acknowledgment, relied upon by the Bank, to save this cause of action from the statute bar of three years. In the case of the State Bank vs. Elijah B. Alston, 4 English’s Rep. 455, it was remarked that “if a debt is sought to. be revived not by part payment but by a written acknowledgment of the debt, that must be an express acknowledgment of the debt as a debt due at the time, or else it must be an express written promise to pay it, which latter necessarily presupposes such an acknowledgment (Davidson vs. Morris, 5 Smedes & Marsh. 571)” — the revival standing, in principle, upon the foundation of an acknowledgment of a subsisting debt under circumstances from which an implied promise may be fairly presumed. This is believed to be the correct rule. At one period the English courts held that the slightest acknowledgment, whether by word or in writing, would take the case out of the statute. (Quanlock vs. Englan, 5 Burr. R. 2630. Bryan vs. Horseman, 4 East. 599. Clark vs. Bradshaw and Cogland, 3 Esp. R. 155. Rucker vs. Haney, 4 East. R. 604 in note.) But the more recent adjudications both in that country and in the United States have given to the statute a construction more just in furtherance of the intention of its framers. (7 Taunt. 608. 3 D. & R. 267. 4 M. & S. 457. 2 Taunt. 380. 5 M. & S. 74. 4 Bing. 313. Bull. N. P. 148. Wetzell vs. Bussard, 11 Wheat. 309. 2 Pick. 368. 8 Cranch 74. 1 Pick. 232. 15 John. 511. 13 ib. 288. 2 Brown 16. Ib. 37. 5 Binn. 580. 5 Conn. 480. 4 Gill & John. 509. 4 McCord 215. 1 Pick. 203. 1 Ala. (N. S.) 488.) And while in regard to most contracts the bar of the statute may be avoided by an admission of indebtedness or a promise such as we have shown, yet “an acknowledgment which will revive the original cause of action must be unqualified and unconditional. It must show positively that the debt is due in whole or in part. If it be connected with circumstances' which in any manner affect the claim, or if it be conditional, it may amount to a new assumpsit for which the old debt is a sufficient consideration; or if it be construed to revive the original debt, that revival is conditional, and the performance of the condition or a readiness to perform it must be shown.” (Wetzell vs. Bussard, 11 Wheat. R. 309.) And “ if there be no express promise, but a promise is to be raised by implication of law. from the acknowledgment of the party, such ácknowlédgment ought to contain an unqualified and direct admission of a previous subsisting debt, which the party is liable for and willing to pay. If there be accompanying circumstances which repel the presumption of a promise or intention to pay, — if the expression be equivocal, vague, and indefinite, leading to no certain conclusion, but at best to probable inferences which may affect different minds in different ways, we think they ought not to be received as evidence of a new promise to revive the cause of action.” Bell vs. Morrison, 1 Peters 351. 6 Peters 86. 9 Serg. & R. R. 128. 11 John. 146. 4 Pick. 110. 4 Porter 223. 3 Peters 278. In the case before us no question of competency is involved, as it was admitted that R. P. Pulliam was the Financial Receiver of the Bank at Fayetteville at the time when the letter read in evidence was written to him, and the question is solely as to the sufficiency of the written acknowledgment. And we are of the opinion that the acknowledgment shown is within the rule we have laid down : for there is not only a direct acknowledgment of a subsisting debt due to the Bank, but the expression of a readiness and willingness to pay a part of it, and to renew the note for the balance. It is true that the letter does not so identify the note in Bank as to make it certain that the note sued on in this case is the same; but, in the absence of any proof whatever, on the part of Brown, to the contrary tending in any degree to rebut this evidence, and of any circumstances accompanying the written acknowledgment having the effect to lead the mind to probable inferences only, and to no certain conclusions, the conclusion is kresistible that this is the note that was alluded to. We are, therefore, of opinion that the court correctly overruled the motion for a new trial, and the judgment must be affirmed with costs.