## GATES v. BRATTLE, ADMINISTRATOR OF WILLIAM BRATTLE.

Observations on the case, and on the Statute of Limitations.

WRIT OF ERROR, complaining of a judgment of the County Court, in an action upon a bond, for £700, dated 5th of June, A. D. 1758, payable to William Brattle, by the 25th of December after, with interest, and executed by said Gates and one Thomas Gustin, brought by Thomas Brattle administrator of said William v. Gates; writ dated 5th November, A. D. 1785.

Plea in bar — That by a statute of this state, entitled an act for the limitation of prosecution in divers cases, etc. it is enacted that no suit, process, or action shall be brought on any bond, bill, or note, under hand, given for the payment of any sum or sums of money, not having any other condition, contract or promise therein, but within seventeen years next after an action on the same shall accrue — Provided nevertheless, that the time this state was engaged in war shall be expunged, and not computed in said time — Provided also, that persons over sea, or legally incapable to bring their actions for their debts, etc. may bring the same any time within four years after their coming from over sea, or becoming legally capable; and that said bond is for the payment of a certain sum of money, without any other condition, etc.

The plaintiff replies, that he ought not to be barred, because, he says that the defendant and said Gustin, on the 5th of June, A. D. 1761, paid to said William the whole of the interest on said bond; and on the 23d of March, A. D. 1764, said William and said Gustin reckoned, and found due on said bond the sum of £800, lawful money, and thereupon made and

subscribed the following writing on said bond, viz. March 23, 1764, due on this bond £800, William Brattle, Thomas Gustin; whereby the said Gustin and the defendant did fully recognize said bond, and the sum due thereon. The plaintiff further says, that said William, on the 10th of April, A. D. 1776 went from Boston, over sea to Halifax, and there resided until the 20th of October following, when he died; and the plaintiff further says, that there was no administration taken, or any person capable of bringing a suit on said bond, until the 9th of October, A. D. 1784, when the plaintiff took administration on said William's estate, and this suit is brought within four years from the taking administration as aforesaid.

The defendant rejoins — That said Gustin, severally and alone, without and against the consent of the defendant, subscribed said writing on said bond; that the plaintiff returned into this state in October, A. D. 1779, and might then have taken administration, but neglected to do it for more than four years after his return, and until the 9th of October, A. D. 1784. To the rejoinder of the defendant the plaintiff demurred; and judgment was for the plaintiff; that the rejoinder of the defendant was insufficient.

Error assigned — That said County Court ought to have adjudged said rejoinder sufficient.

By this Court. There is nothing erroneous in the judgment.

The reasons which seemed to prevail with the court in the decision of the cause, were those which Law and Dyer, JJ., offered for dissenting from the opinion of the court in the cause of Brattle v. Gustin, reported in Kirby; and the judgment of the Supreme Court of Errors reversing the judgment of the Superior Court in that cause.

Although I excused myself from judging in this cause, on account of my having been of counsel for Gustin in the Supreme Court of Errors; yet I would make some observations upon the law which governs this case.

This is a positive law, and is binding upon the courts and the citizens, by force of the authority that enacted it.

However the legislature might have been induced, from many and various reasons, both of policy and justice, to make the law; the law when made, is the rule which must govern the judges and the citizens. The question then is not, what the law ought to have been, or why it was made? but what it is. And statutes consist of two parts, the letter and the reason.

The title of the act is, an act for the limitation of prosecutions in divers cases, civil and criminal. The first paragraph is, that no person shall be indicted, prosecuted, etc. or compelled to answer before any court, etc. for the breach of any penal law, or for other crime, etc. for which a forfeiture becomes due to any public treasury, unless the indictment, complaint, etc. be made and exhibited within one year after the offense is committed; and every such indictment, information, etc. that is not made and exhibited within the time limited as aforesaid, shall be void and of none effect. No one can be at a loss about either the letter or spirit of this paragraph; yet if we should go to guessing about the reason which induced the legislature to make it, we might be greatly divided.

The paragraph which respects this case is, that no suit process or action shall be brought on any bond, bill, or note, etc. given for the payment of money, not having any other condition, etc. but within seventeen years next after a right of action on the same shall accrue, exclusive of the time of war; but from all and every action, suit, etc. after the time limited as aforesaid, each and every person shall be forever debarred.

Can anything be plainer than this paragraph, both as to the letter and meaning of it? And it is equally clear that this case is within the purview of the statute, viz. it is more than seventeen years, exclusive of the war, from the time a right of action accrued upon the bond and the date and impetration of the plaintiff's writ.

The only question which remains, is — Whether it is within any of the saving provisos of the statute — and let us see what they are, and to whom they are extended; to persons over sea or legally incapable to bring their actions for their debts aforementioned, such may bring them any time within four years after their coming from over sea, or becoming legally capable to bring an action; notwithstanding the limitation aforesaid.

The statute begins to compute from the time a right of action accrued upon the obligation. 1st. Let us consider what is meant by over sea, as it respects locality, and as it respects time or duration. 2d. What by legal incapacity in point of disability, and of duration or time.

As to the first — Over sea, in point of locality. If it means a person's crossing a part or arm of the sea to get to the place where he is, it means everything and nothing, just as the court please; for in that sense a man may be over sea, and be in the United States, or in his own state. If it means his being in a place which cannot be got to or from, without crossing the sea or some part of it, it has a fixed determinate meaning; and this is doubtless the true meaning.

As to the time — Does it mean his going over sea at any time during the seventeen years, and remaining there ever so short a period; or his going over sea just at the close of the seventeen years, and being there at the expiration of it. Or does it mean his being over sea, when the right of action accrued, and his continuing there until the seventeen years expire? Undoubtedly it means the latter case; for there would be no sense in saving a man's right in either of the other cases; for there he might have saved himself without the aid of the proviso; and the law never means to save a man against his own negligence and *laches*.

As to the second question — A legal incapacity, supposes the person to have the right in him, but by reason of some impediment he is prevented exercising it; as minors, *feme coverts*, lunatics, etc. an administrator hath no right in him

until letters of administration are granted to him; he cannot therefore be considered as a subject of this proviso, until he has taken administration, after that a legal or a natural incapacity might attach upon him.

As to the time — The same observations apply in this case, as in the case of a man's being over sea. There being no other savings in the statute, the statute is a clear, positive, and peremptory ademption of all remedy in such case; unless within one or the other of the above provisos. And as there are no statutes in England similar to this of our own, all reasonings from them, or from the common law of that country, are very inapplicable to the case; as also are all arguments drawn from payments and indorsements upon the bond.