Jackson, J.,
delivered the opinion of the Court.
It having been long settled that an acknowledgment of a debt within six years before the action brought, will prevent the operation of the statute of limitations, such a contract not being within the intent of the statute, we have now * to [ * 454 ] determine whether the vote of the defendants, produced in evidence in this case, contains such an acknowledgment. If it do not, if it would have been the duty of the judge to instruct the jury on this evidence to find a verdict for the defendants, and if we should have set aside a verdict returned contrary to such direction, as being unsupported by any legal evidence, then the nonsuit must stand.
The plaintiff, it appears, has no other evidence to prove the issue on his part, and it would be worse than useless to send the cause to a trial, which must finally terminate in favor of the defendants, with additional trouble and expense to both parties.
The case of Bicknell vs. Keppel (8) has a strong resemblance to the present. The defendant, having been applied to for payment of the debt by a letter from the plaintiff, wrote an answer, not saying that he owed, or that he had paid, the debt, but referring the plaintiff to the solicitor of the defendant,“ whose opinion,” he adds, “ always governs me; ” and further adding that “ he [the solicitor] is in possession of my determination and ability.” Upon this, with some other evidence, which was not material, the plaintiff obtained a verdict; but it was set aside, and a new trial granted; the Courl *410 being of opinion that the letter did not contain a sufficient acknowledgment to take the case out of the statute.
In the case at bar, the defendants appoint a committee or agents, “ to settle the dispute between Mr. E. Fiske and the town.” This is referring the plaintiff to those agents for an answer to his demand, and for the determination of the defendants respecting it. The opinion of the agents was to govern the town. It is even much stronger than the case cited; because here is no intimation of a want of ability to pay a just debt, nor of any preexisting determination, or even knowledge, respecting this demand, which were the only points on which any doubt arose in the other case.
There is another particular in which the case at bar differs ma terially from all those usually referred to on this subject. [ * 455 ] * It is, that the defendants are a corporation aggregate, the members of which are continually changing, and of course cannot be presumed to be acquainted with former transactions of the corporation, as an individual is supposed to be with his own affairs. When, therefore, a debt is demanded of a town, espe cially if it be of old date, they may well be supposed ignorant, both of .the ground, of the demand, and also as to any payment or settlement respecting it. If they refuse to pay it, without any inquiry into the circumstances, they may be guilty of injustice to a creditor, and expose themselves unnecessarily to a lawsuit. Such an inquiry cannot be conducted satisfactorily at a town meeting. They must, almost of necessity, appoint a committee to ascertain the facts, and either to make a final settlement, as in this case, or to make a report of the facts to the town, for their determination. This is the usual course on such occasions, and, indeed, seems to be the only mode in which a town can proceed, with a due regard to their own rights and those of their assumed creditors.
An individual, on being presented with a bill for services rendered, may perhaps know at once that the demand is unjust, and accordingly refuse to pay it; but if he is in doubt whether the services were rendered, or whether he has not paid for them, he may take the bill, in order to ascertain those facts, without thereby acknowledging that any thing is due, or that any such service was rendered. If, in such a case, instead of examin'ng it himself, he commissions his clerk or book-keeper, or any other agent or friend, to make the inquiry, it will make no difference; nor even if he adds, that he will pay the demand, if his agent determines that it is justly due. This is so far from acknowledging the debt, that it clearly expresses his ignorance or his doubts respecting his liability. If, indeed, his agent should determine that it was justly due, the party might be liable on this conditional promise.
*411 The defendants, in this case, have done no more than is here supposed of the individual. They undertook to examine, by their committee, into the justice of the plaintiff’s demand;
* evidently because they did not know, or did not be- [ * 456 J lieve, that it was justly due. If the plaintiff ever presented his demands to that committee, we must understand that they were not allowed, as the plaintiff furnishes no evidence on that point; and the next step that we find to be taken is the commencement of this suit.
This is very different from the case of Lloyd vs. Maund, in 2 D. & E. 760, which was referred to by the plaintiff’s counsel at the argument. The letter of the defendant, in that case, was written in ambiguous terms; not denying the debt, nor directly acknowledging it; pretending not to know at whose suit he was arrested, when it was apparent, from the letter, that he did know; with other circumstances, from which it might be inferred that he acknowledged the debt, and was only endeavoring, by threats and persuasions, to induce the plaintiff to forbear the prosecution of the suit. It was decided that the letter ought to be submitted to the jury, who alone were competent to infer that fact from such evidence.
In the present case, there is nothing equivocal or ambiguous in the paper on which the plaintiff relies. No evidence was offered to raise any doubt respecting the terms of the vote, or to vary their natural and obvious meaning. There was therefore no question of fact for the consideration of the jury.
The nonsuit is not set aside ; and there must be judgment for

Costs for the defendants, 

(a)

 4 B. & P. 20.

 Robbins vs. Otis, 1 Pick. 368. — Bangs vs. Hall, 2 Pick. 368. — Whitney vs. Bigelow, 4 Pick. 110.