## ARGUED AND DETERMINED

#### IN THE

# Supreme Court of Errors

#### OF THE

## STATE OF CONNECTICUT.*

———◆::::::※::::::◆———

LORD and others, executors of *S. P. Lord*, deceased, *against*
SHALER.

The acknowledgment of a debt, barred by the statute of limitations, as a sub-    *October* 13:
   sisting debt, takes the case out of the statute.
This principle is applicable to the statute limiting the recovery of book debts,
   notwithstanding the peculiar phraseology of that statute.
The action should be brought on the original cause, and not on a new promise,
   arising from the acknowledgment.
The replication of a new promise to a plea of the statute of limitations, is no
   departure.

THIS was an action of debt on book, commenced *March* 13th, 1815. The accounts were referred to auditors for adjustment; who reported a balance in favour of the plaintiffs of 2102 dollars, 67 cents. Against the acceptance of this report the defendant remonstrated, stating that all the articles charged in the plaintiffs' account were sold, delivered and charged, before 1808,—more than six years before the commencement of the suit; and that the auditors admitted as evidence the acknowledgments of the defendant, made to the plaintiffs, one year before the commencement of the suit; and, on such evidence, found the defendant in arrear. The plain-

* By an act passed in *May*, 1819, it was provided, that the Supreme Court of Errors should be held, once a year, in each county of the state. This was the first term under the new arrangement.

tiffs demurred to the remonstrance ; and, before judgment, the case was reserved for the advice of all the Judges.

At the last term of this Court, at *New-Haven, Sherman* argued in support of the demurrer, and *Staples,* contra. Some of the Judges entertaining doubts on one point, the case was continued to this term, for further consideration.

The counsel for the plaintiffs contended, 1. That an acknowledgment of the debt in controversy, takes the case out of the statute of limitations. To this point the authorities are numerous, and uniform. As to what shall constitute an acknowledgment of the debt, there has been some diversity of opinion ; but that question is not open for discussion in this case.

2. That the acknowledgment produces this effect, not by giving a new cause of action, but by repelling the presumption of payment, on which the statute is founded. On this ground a recovery has been had, where the acknowledgment was made after action brought. On this ground, also, a recovery has been had, where an acknowledgment was made, not to the creditor, but to a third person. From the same principle it necessarily results, that in an action founded on the original cause of action, to which the statute of limitations is pleaded, the replication of acknowledgment, or new promise, made to the executor, is no departure. To evince this, *Baxter,* admr. v. *Penniman,* 8 *Mass. Rep.* 133. is precisely in point.

3. That the principle applicable to other limitations, is equally applicable to that regarding book debts.

The counsel for the defendant insisted, 1. That no acknowledgment will take a case out of our statute (*a*) limiting the recovery of demands on book.

2. That this acknowledgment, or promise, if it is to be considered as such, was made, since the death of the testator, to the executors ; and cannot, therefore, be proved in this ac-

(*a*) 1 *Stat. Conn. tit.* 25. *c.* 2. This act provides " That all such book debts as shall not, within six years, be either sued for, balanced or accounted, for with the original debtor, his attorney, agent or other lawful successor or substitute, and an account or balance thereof witnessed, by subscribing the debtor's or accountant's name to the creditor's book, shall not be recoverable in any court in this state."

tion, which alleges a debt to the testator. *Sarell*, admr. v. *Wine*, 3 *East* 409. 1 *Chitt. Plead.* 204.

*Middletown,*
October,
1819.

Lord
*v.*
Shaler.

HOSMER, Ch. J.　The law of limitation has taken effect, unless the acknowledgment of the debt has removed it from the way.　The principle applicable to this subject has been correctly stated by C. J. *Marshall*, in *Clementson* v. *Williams*, 8 *Cranch* 74.　" It has frequently been decided," (said he) " that an acknowledgment of a debt, barred by the statute of limitations, takes the case out of the statute, and revives the original cause of action.　It is not sufficient to take the case out of the act, that the claim should be proved, or be acknowledged to have been originally just ; the acknowledgment must go to the fact that it is *still due*."　To discuss a point so clearly established would be superfluous. (*a*)

It has been contended, that the act concerning book debts, from its peculiar phraseology, constitutes an exception ; and " that unless within six years from the contracting of the debt it were sued for or balanced, and the balance witnessed, by subscribing the debtor's name to the creditor's book," the debt cannot be recovered.　This case is not within the letter of the statute, the recognition of the debt being posterior to the time the limitation took effect.　But, waiving this remark, it may be observed, that all the statutes of limitation rest on the same basis ; and that it is equally conformable to justice, and the presumed intent of the legislature in relation to book debts, that the acknowledgment of an existing debt should repel the

(*a*) Authorities as to acknowledgment of debt.

*Andrews* v. *Brown*, 1 *Eq. Ca. Ab.* 305.
*Yea* v. *Fouraker*, 2 *Burr.* 1099.
12 *Viner's Abr.* 192.
*Trueman* v. *Fenton*, 2 *Cowper*, 548.
*Lloyd* v. *Maund*, 2 *Term Rep.* 760.
*Rucker* v. *Hannay*, in a note, 4 *East*, 604.
*Lawrence* v. *Worrall*, *Peake's Ca.* 93.
*Jackson* v. *Fairbank*, 2 *Hen. Black.* 340.
*Bailey* v. *Ld. Inchiquin*, 1 *Esp.* 435.
*Clark* v. *Bradshaw*, 3 *Esp.* 155.
*Peters* v. *Brown*, 4 *Esp.* 46.
*Bryan* v. *Horseman*, 4 *East*, 599.

*Gainsford* v. *Grammar*, 2 *Campb.* 9.
*Sluby* v. *Champlin*, 4 *Johns. Rep.* 461.
*Baxter* v. *Penniman*, 8 *Mass. Rep.* 133.
*Leaper* v. *Tatton*, 16 *East* 418.
*Dean* v. *Pitts*, 10 *Johns. Rep.* 35.
*Clementson* v. *Williams*, 8 *Cranch*, 72.
*Sands* v. *Gelston*, 15 *Johns. Rep.* 511.
*Fisk* v. *Inhab.* of *Needham*, 11 *Mass. Rep.* 452.
*Rowcroft* v. *Loomas*, 4 *Mau.* & *Selv.* 457.
*Gustin* v. *Brattle*, *Kirby*, 299.
*Gales* v. *Brattle*, 1 *Root*, 187.

*Note.* With the exception of the two last references, the cases are chronologically arranged.

operation of the statute, as it is in the case of notes and bonds. " The sound principle," said C. J. *Parsons,* " which ought to govern in the construction of the statute is, that the presumption arises, that the defendant, from the lapse of time, has lost the evidence, which would have availed him in his defence, if seasonably called upon for payment.   But when this presumption is rebutted, by an acknowledgment of the defendant within six years, the contract is not within the intent of the statute." *Baxter* v. *Penniman,* 8 *Mass. Rep.* 134. ˙ *Thompson* v. *Osborn,* 2 *Stark.* 98.

It has been made a question, whether the plaintiff should declare on the original cause of action, or whether he is bound to declare specially on the new promise inferrible from the acknowledgment of the debt.   The statute of limitations does not annihilate the debt, but suspends the remedy ; hence, as was said in *Heylins* v. *Hastings, Carthew,* 471. the promise does not give any new cause of action, but only revives the old cause, and is of no other use, than to prevent the bar by the statute of limitations.   The action should be brought on the original cause ; and to this point the authorities are conclusive.   *Leaper* v. *Tatton,* 16 *East,* 423.   *Williams* v. *Dyde,. & al. Peake's Ca.* 68.   *Yea* v. *Fouraker,* 2 *Burr.* 1099.   *Clarke* v. *Bradshaw,* 3 *Esp. Ca.* 155.   *Bryan* v. *Horseman,* 4 *East,* 599.   *Sluby* v. *Champlin,* 4 *Johns. Rep.* 461.   *Baxter* v. *Penniman,* 8 *Mass. Rep.* 133.   *Shippey* v. *Henderson,* 14 *Johns. Rep.* 178. *Gustin* v. *Brattle, Kirby,* 299.

Assuming it, then, as an unquestionable legal truth, that the action, notwithstanding the statute of limitations, is founded on the original cause of suit, the replication of a new promise is no departure.   Its object is to remove the law of limitation from the way, and thus prostrate the obstacle set up against a recovery.   Like a replication setting forth the time the state has been engaged in war, or averring an incapacity to sue, by reason of absence beyond sea, it does not operate by supplying a new cause of action, but by the removal of an impediment. The principles advanced are not conformable to the practice of *Westminster-Hall.   Holman* v. *Walden,* 1 *Salk.* 6.   *Dean* ˙ v. *Crane,* 6 *Mod.* 309.   S. C. by the name of *Greene* v. *Crane,* 2 *Ld. Ray.* 1101.   Duke of *Marlborough* v. *Widmore,* 2 *Stra.* 890.   *Hickman, & al.* v. *Walker, Willes,* 27.   *Sarell* v. *Wine,* 3 *East,* 409. 1 *Chitty,* 204. 243. 619.   But they were settled in this state, in *Gustin* v. *Brattle, Kirby,* 299. ; and in *Baxter*

v. *Penniman*, 8 *Mass. Rep.* 133. the same point was decided in a similar manner, by C. J. *Parsons*, and the other judges of the supreme court of *Massachusetts*.

I am of opinion that the plaintiffs take judgment for the sum awarded.

The other Judges were of the same opinion.

Judgment to be rendered for the plaintiffs.