LORD and others, executors of *Samuel P. Lord, against* HARVEY, executor of *Ithamar Harvey.*

*October,* 11

A general acknowledgment of a subsisting indebtedness, without specifying the amount of the debt or balance due, is sufficient to take a case out of the statute of limitations.

THIS was an action of debt on book, commenced on the 18th of *March,* 1818.    It came on for trial in *Middlesex* county, *December* term, 1819, before *Hosmer,* Ch. J.

The plaintiffs' account, consisting of sundry charges for goods sold and delivered, by their testator, was proved, by the clerk, by whom the entries were made.    The only defence set up, by the defendant, was, that the goods were delivered and charged more than six years before the commencement of the plaintiffs' action; a fact appearing on the face of the account.    To repel this defence, the plaintiffs proved, That the plaintiffs' testator, had a long unsettled account with the defendant's testator, which the latter had, at various times, expressed a wish to adjust with the plaintiffs; that particularly, in the summer of 1812, he brought a load of wood to market, and sold it to the plaintiffs, in return for which he received some goods as payment in part, and directed the residue to be placed to his credit on account, observing, that he was indebted to the estate of the plaintiffs' testator, and that

he would call on the plaintiffs soon, and bring in his account, and wished the plaintiffs to have their account prepared, for he wished to ascertain the balance due the estate, and to make a settlement, as it was time it was paid. The judge reserved the case.

*Middlesex,*
October,
1820.

*Lord*
*v.*
*Harvey.*

*Sherman*, for the plaintiffs, contended, 1. That an acknowledgment of a subsisting indebtedness, leaving the amount of that indebtedness open, was a waiver of the statute of limitations. The party, in such case, must still support his claim, by appropriate evidence ; but the statute of limitations is no longer in his way. In hardly any of the *English* cases, has the precise amount due, been specified in the acknowledgment. *Baillie* & al. v. Lord *Inchiquin*, 1 *Esp. Rep.* 435. *Catling* & al. v. *Skoulding* & al. 6 *Term Rep.* 189, 193. *Peters* v. *Brown*, 4 *Esp. Rep.* 46. *Bryan* v. *Horseman*, 5 *Esp. Rep.* 31. S. C. 4 *East* 599. *Lawrence* v. *Worrall, Peake's Ca.* 93.

2. That the acknowledgment, in this case, was of a balance due *on the whole account.*

*Staples* and *Hungerford,* for the defendant, after remarking, that in debt on book, there is a peculiar reason why the statute of limitations should have effect, because the parties being witnesses, there is peculiar danger of perjury, contended, that in order to take a case out of the statute, there must be an admission of a specific debt, claim or balance ; an admission of the mere existence of an *unsettled account* between the parties being insufficient. If it is still necessary for the plaintiff to prove his debt or demand, notwithstanding the acknowledgment, the statute is not waived. The intention of the legislature was, to exclude all testimony relating to transactions of more than six years standing.

HOSMER, Ch. J. The defendant's testator, having acknowledged, that he was indebted to the estate of *Samuel P. Lord*, deceased, said, that he would soon bring in his account, and requested the plaintiffs to prepare their account, that the balance might be ascertained, as it was time it was paid. Whether this is such an acknowledgment of indebtedness as waives the statute of limitations, is the sole question in the case. The recognition of the defendant's testator, amounts

*Middlesex.*
October,
1820.

Lord
*v.*
Harvey.

to this : " I owe you a balance on book, which ought to be paid, and request you to transcribe your account, which, after the deduction of the sum due to me on my book, I will satisfy."

On the part of the defendant, it has been argued, that the admission, to be available, must be of a specific claim, or an ascertained balance ; and that the statute is not waived, if the articles, or the amount of the account, are left open to future proof. No case has been cited in support of this proposition ; nor is it sustained, by any of the determinations in relation to this subject. In *Lawrence* v. *Worrall, Peake's Ca.* 93., it was held, by Ld. *Kenyon,* that an acknowledgment of *some* money being due, was sufficient to take a case out of the statute ; and a similar determination was made in *Peters* v. *Brown,* 4 *Esp. Rep.* 46. It is, undoubtedly, necessary to the validity of the recognition, that it should admit the existence of a debt ; and to this must be super-added, either proof, or an acknowledgement, that it was originally just ; but it is not requisite, that the precise amount of the demand should be admitted. The presumption of payment is rebutted, by a general acknowledgment of indebtedness, equally as by the admission of a specific sum. In *Lloyd* v. *Maund,* 2 *Term Rep.* 760., which was an action for work and labour, an ambiguous letter, neither explicitly admitting, nor denying the debt, was left to the jury to consider, whether it amounted to an acknowledgment ; but no precise sum was admitted to be due ; and the ascertainment of the debt depended on proof of the performance, and value of the plaintiff's services. And in *Catling* v. *Skoulding,* 6 *Term Rep.* 193., Ld. *Kenyon* adjudged, that the acknowledgment of an unsettled account between the parties, the amount of which was afterwards to be ascertained, the jury might consider as a recognition of an open account sufficient to take the case out of the statute. " This," said his Lordship, " I take to have been clearly settled, as long as I have any memory of the practice of the courts."

I am, therefore, of opinion, that judgment must be rendered for the plaintiffs.

The other Judges were of the same opinion.

Judgment to be rendered for the plaintiffs.