### DE FOREST AND SON *against* HUNT.

Evidence that the plaintiff, a merchant in *New-York*, stated an account, and *sent* it to the defendant, in *New-Haven*, is proper to go to the jury, to shew the reception of such account by the defendant.

An unqualified and unconditional acknowledgment of a debt as originally just and yet subsisting, removes the bar of the statute of limitations.

*New-Haven, July, 1830.*

Daggett
*v.*
Tallman.

*New-Haven,*
July, 1830.

De Forest
*v.*
Hunt.

Where the plaintiff, in the first place, stated and sent to the defendant the balance of his account, and afterwards, on the 12th of *February,* wrote the defendant again, requesting him to inform the plaintiff, whether he found such account correct ; to which the defendant, on the 14th, replied : " Yours of the 12th inst. came to hand, this day, requesting to know what prospect I have of paying the demands against me. I am extremely sorry to say to you, that the prospect, at present, is not very flattering; as it is utterly out of my power to pay any thing." It was held, that such letter of the defendant, under these circumstances, was an unqualified and unconditional acknowledgment not only that something, but that the precise balance stated, was, at that time, justly due to the plaintiff.

Thıs was an action of book debt ; tried at *New-Haven, January* term 1830, before *Daggett,* J.

The accounts between the parties, which were large, had never been adjusted. The plaintiffs claimed a balance of more than 2,000 dollars. The last item of their account accrued in 1819, more than six years before the commencement of the present action. The statute of limitations, therefore, having attached upon their claim, to relieve it from the operation of this statute, they relied upon a recognition of it, by the defendant, in *February* 1822, within the six years. It appeared from the deposition of *James Gould,* a clerk of the plaintiffs, that the account had been previously made out, with the balance stated, and sent to the defendant. On the 12th of *February,* 1822, the plaintiffs wrote to the defendant as follows : " Some months since, we sent you our account, and are without any reply. Please inform us, whether you find it correct, and let us know what prospects you have of meeting the payment." Two days afterwards, *viz.* on the 14th of *February* 1822, the defendant replied as follows : " Yours of the 12th inst. came to hand, this day, requesting to know what prospect I have of paying the demands against me. I am extremely sorry to say to you, that the prospect, at present, is not very flattering ; as it is utterly out of my power to pay any thing." This evidence was objected to, and admitted. The judge then instructed the jury, that they were at liberty, from such evidence, to consider the debt recognized in 1822, and the bar removed.

The jury returned a verdict for the plaintiffs ; and the defendant moved for a new trial for a misdirection.

*N. Smith* and *Mix,* in support of the motion, contended, 1.

New-Haven,
July,1830.

De Forest
*v.*
Hunt.

That the deposition of *Gould,* the plaintiffs' clerk, was inadmissible, because there was no evidence to shew that the account was ever *received* by the defendant.

2. That the language of the letters in question will not exempt the case from the operation of the statute of limitations. The statute is founded on a great principle of public policy, its object being to guard against the mischiefs of forgetfulness and the accidents of time. It is emphatically a statute of *repose.* It ought, therefore, to be construed by the same rules, which are applied to other beneficial statutes. Though the courts formerly seemed willing, if not anxious, to curtail its operation, yet the history of this branch of law shews, that the decisions have been advancing, by regular gradations, to a construction, which will effectuate, and not defeat, its benign object. See *Green* v. *Rivett,* 2 *Salk.* 421. *Heylin* v. *Hastings, Carth.* 470. *Freeman* v. *Fenton, Cowp.* 544. *Lloyd* v. *Maund,* 2 *Term Rep.* 760. *Clark* v. *Bradshaw* & al. 3 *Esp. Rep.* 155. *Lawrence* v. *Worrall, Peake's Ca.* 93. *Bryan* v. *Horseman,* 4 *East* 599. *Hellings* v. *Shaw,* 7 *Taun.* 608. *Rowcroft* v. *Lomas,* 4 *Mau. & Selw.* 457. *Clementson* v. *Williams,* 8 *Cranch* 72. *Wetzell* v. *Bussard,* 11 *Wheat.* 309. *Bell* v. *Morrison,* 1 *Pet. U. S. Rep.* 351. *Bangs* v. *Hall,* 2 *Pick.* 368. *Sands* v. *Gelston,* 15 *Johns. Rep.* 511. *Marshall* v. *Dalliber,* 5 *Conn. Rep.* 480. *Porter* v. *Hill,* 4 *Greenl.* 41. *Perley* v. *Little,* 3 *Greenl.* 97.

The decisions on this subject establish the following propositions. The words must shew an intention and a willingness to relinquish the benefit of the statute. *Rowcroft* v. *Lomas,* 4 *Mau. & Selw.* 458. *Bell* v. *Morrison,* 1 *Pet. U. S.* 362. *Danforth* v. *Culver,* 11 *Johns. Rep.* 146. *Sands* v. *Gelston,* 15 *Johns. Rep.* 511. *Porter* v. *Hill,* 4 *Greenl.* 41.

They must constitute an acknowledgment absolute and unqualified ; not vague and indeterminate ; not so limited as to repel the presumption of a promise to pay. *Wetzell* v. *Bussard,* 11 *Wheat.* 309. *Bell* v. *Morrison,* 1 *Pet. U. S. Rep.* 351. *Porter* v. *Hill,* 4 *Greenl.* 41. *Perley* v. *Little,* 3 *Greenl.* 97. *Sands* v. *Gelston,* 15 *Johns. Rep.* 511.

They must recognize a subsisting indebtedness. *Marshall* v. *Dalliber,* 5 *Conn. Rep.* 480. *Roosevelt* v. *Mark,* 6 *Johns. Chan. Rep.* 266.

Lastly, the recognition must not be of an unsettled account. *Bell* v. *Morrison,* 1 *Pet. U. S. Rep.* 366. *Clarke* v. *Dutcher,* 9 *Cowen,* 674. It must refer to the precise debt demanded by the plaintiff in the action brought.

New-Haven,
July, 1830.

De Forest
v.
Hunt.

By these rules the plaintiffs' claim must fail. The present case is not embraced by them. There is no direct acknowledgment by the defendant, that he was *ever* indebted to the plaintiffs. There is clearly no acknowledgment of a *subsisting* indebtedness. Still less is there an acknowledgment of a *specific debt*. And if the acknowledgment were otherwise sufficient, it is *conditional*. The condition is *ability to pay*. To make the acknowledgment of any avail, a performance of this condition must be shewn; which, in this case, has not been done. *Cole* v. *Saxby*, 3 *Esp. Rep.* 159. *Davis* v. *Smith*, 4 *Esp. Rep.* 36. 1 *Pick.* 368. *Wetzell* v. *Bussard*, 11 *Wheat.* 309.

*R. S. Baldwin* and *White*, contra, contended, 1. That the evidence offered by the plaintiffs, was properly admitted. This evidence shewed, that the plaintiffs had stated their account and *sent* it to the defendant; that in a subsequent letter to the defendant, the plaintiffs referred to such account; and that the defendant immediately acknowledged expressly the receipt of the latter letter, and virtually acknowledged the receipt of the account. This was, surely, proper evidence to the jury, that the defendant had received the account.

2. That a recognition of the debt as originally just and as still due, is sufficient to take the case out of the statute of limitations. *Marshall* v. *Dalliber*, 5 *Conn. Rep.* 480. *Lord* & al. v. *Shaler*, 3 *Conn. Rep.* 131. *Bound* & al. v. *Lathrop*, 4 *Conn. Rep.* 336. The object of the statute is not to prevent the recovery of a just debt, but to preclude the recovery of an unfounded claim, where lapse of time has put it out of the power of the defendant to prove his defence. This object our courts have steadily kept in view, avoiding the fluctuations and inconsistency of the *English* decisions. An acknowledgment ascertains the justice of the debt as perfectly as an express promise.

3. That the defendant's letter of the 14th of *February* 1822, contained a recognition of the plaintiffs' claim as a just and subsisting debt. In the circumstances in which that letter was written, the mere *silence* of the defendant on the subject, would be evidence of an admission of the debt. *Saund. Plead. & Evid.* 56. But the language of the letter imports a direct recognition. The defendant says: "I am extremely sorry to say to you, that the prospect"—Of what? Of paying the plaintiffs' demands against him—*i. e.* the account previously sent—

which was then the subject of the correspondence. Does not *New-Haven,* this language admit, that the plaintiffs had demands against July, 1830. him, and that they were just demands ; else why should the defendant regret his inability to pay them ? *Leaper* v. *Tatton,* 16 *East* 420. *Frost* v. *Bengough,* 1 *Bing.* 266. *Colledge* v. *Horn,* 3 *Bing.* 119. *Halliday* v. *Ward,* 3 *Campb.* 31. It has been decided, by this Court, that a general acknowledgment of a subsisting indebtedness, without specifying the amount of the debt or balance due, is sufficient. *Lord* & al. v. *Harvey,* 3 *Conn. Rep.* 370. But the language in question, in connexion with the previous letters of the plaintiffs, to which the defendant was replying, goes further, and admits the *account stated.*

4. That as the action is brought on the original cause, and not on a new promise, it is not incumbent on the plaintiffs to prove the defendant's ability. The acknowledgment removes the bar ; and then the plaintiffs make out their case and recover, as they would have done, before the six years had elapsed.

Hosmer, Ch. J. The first question is, whether the evidence adduced by the plaintiffs to remove the bar of the statute of limitations, was admissible. The objection to its admissibility was not much pressed, by the counsel, in the argument. The evidence at least conduced to prove the fact for which it was adduced, and of consequence, was competent to be received and weighed by the jury. *Gibson* v. *Hunter,* 2 *H. Bla.* 288.

The remaining and only material enquiry, is, whether the plaintiffs' debt was so recognized as to remove the bar.

On recurrence to the evidence, it is very clear, the defendant not only acknowledged, that the plaintiffs had a demand against him, but recognized a *precise debt.* A few words will render this unquestionable.

The plaintiffs, by letter, claimed a debt ; and so far from denying this claim, it was said by the defendant, that he was *extremely sorry* to say, the prospect of present payment was not very flattering, as it was utterly out of his power to pay any thing. In what does this fall short of an unquestionable acknowledgment that something was due ? If the plaintiffs had no debt against the defendant, he would have said so. This I infer on the unquestionable ground, that he would act, as far as he honestly could, conformably with his interest, and as observation and experience show that mankind generally do act on similar occasions. Nor is this all. The defendant affirms, that

he is *extremely sorry ;* and for what ? Because there was no prospect of his paying the plaintiffs' demand against him. Why this expression of deep regret ? Was it because he owed the plaintiffs nothing ? The supposition is absurd. If the debt demanded was not due, it would have been to the defendant matter of joy and self-gratulation. On the contrary, the declaration speaks this plain language : The debt you demand is justly your due ; and I deeply regret my inability to pay it.

In addition to this, it is indisputable, that the acknowedgment was of a precise sum. This must be admitted, if the defendant, before the writing of his letter, had received the plaintiffs' account stating the balance due. That he had received it, clearly appears, by the most satisfactory presumption. In the plaintiffs' letter, it is said, that some months since, they had transmitted their account, which, according to the deposition of *Gould,* was sent to the defendant, *with the balance stated ;* and the defendant was requested to inform the plaintiffs, whether he found it to be correct. To this part of the letter no reply is made, except that the defendant regrets, that he is unable to pay the debt. It is justly said, by *Starkie,* in his treatise on the *Law of Evidence,* (*vol.* 2. *p.* 37.) and such was the law declared by Lord *Tenterden,* in *Steel* v. *Prickett* & al. 2 *Stark. Ca.* 471., that in general, an admission may be presumed, not only from the declaration of a party, but even from his acquiescence in silence ; as for instance, where the existence of a debt, or of the particular right, has been asserted in his presence, and he has not contradicted it.

It is a legal presumption, then, deduced from the defendant's silence to the affirmation of the plaintiffs in their letter, concerning the transmission of their account, that it had been received ; that the balance claimed was before the defendant, when he wrote his letter ; and that his acknowledgment was not of a debt indefinitely, but of the precise debt claimed.

This, however, is immaterial ; for a general acknowledgment of a subsisting indebtedness, without specifying the amount of the debt or balance, is sufficient to take a case out of the statute of limitations. *Lord* v. *Harvey,* 3 *Conn. Rep.* 370.

It has been determined, in some cases, although this is not the general current of decisions, that an acknowledgment of indebtedness, coupled with a refusal to pay the debt, is not sufficient to remove the bar of the statute. *Danforth* v. *Culver,* 11 *Johns. Rep.* 146. *Jones* v. *Moore,* 5 *Binn.* 573. *Har-*

*rison* v. *Handley*, 1 *Bibb's Rep.* 443.　I do not intend to enter on this question, unnecessary as it is in this case, where there was no protestation against the payment of the debt, or refusal to make payment.

Waiving, therefore, the consideration of the point referred to, the established principle of law may be expressed in the following manner.　An unqualified and unconditional acknowledgment of a debt as originally just and yet subsisting, removes the bar of the statute of limitations.

To this effect are the *English* determinations on the point in question.　(Vid. note to *Lord* v. *Shaler*, 3 *Conn. Rep.* 133. where they are collected.)

The same principle was adopted and applied, by this Court, in *Lord* v. *Shaler*, 3 *Conn. Rep.* 131.　*Lord* v. *Harvey*, 3 *Conn. Rep.* 370.　*Bound* v. *Lathrop*, 4 *Conn. Rep.* 338., *Marshall* v. *Dalliber*, 5 *Conn. Rep.* 480. and *Peck* v. *Botsford*, 7 *Conn. Rep.* 172.

To the same effect are the determinations in the state of *Massachusetts*.　*Baxter*, admr. v. *Penniman*, 8 *Mass. Rep.* 133.　*Fiske* v. *Needham*, 11 *Mass. Rep.* 452.　*Brown* & al. v. *Anderson*. 13 *Mass. Rep.* 201.　*Bangs* v. *Hall*, 2 *Pick.* 368.

In the state of *Maine*, the same principle has repeatedly been declared.　*Perley* v. *Little*, 3 *Greenl.* 97.　*Porter* v. *Hill*, 4 *Greenl.* 41.

Numerous determinations in the state of *New-York* recognize the same principle.　*Danforth* v. *Culver*, 11 *Johns. Rep.* 146.　*Smith*, admr. v. *Ludlow*, 6 *Johns. Rep.* 267.　*Sands* v. *Gelstone*, 15 *Johns. Rep.* 511.　*Martin* v. *Williams*, 17 *Johns. Rep.* 330.

And to the same effect are the determinations of the supreme court of the *United States*, in *Clementson* v. *Williams*, 8 *Cranch* 72., in *Witzell* v. *Bussard*, 11 *Wheat.* 309. and in *Bell* v. *Morrison*, 1 *Pet.* 351.

Indeed, I am not aware, that there exists a diversity on the subject under discussion, except in the state of *Kentucky*, where it seems to be law, that an *express* promise, or an *express* acknowledgment, combined with an assent to pay, are requisite to take a case out of the statute.　*Harrison* v. *Hundley*, 1 *Bibb's Rep.* 443.　*Bell* v. *Morrison*, 1 *Pet.* 351.

The doctrine established in all the cases, sanctions the judge's charge.　On the principle advanced by the *English* court of *King's Bench*, in *Lloyd* v. *Maund*, 2 *Term Rep.* 160.

<div style="margin-left-note">
New-Haven,
July, 1830.

De Forest
v.
Hunt.
</div>

what is an acknowledgment of a debt, is matter to be left to the jury. They determined in favour of the plaintiffs; and ought so to have done. The defendant acknowledged the plaintiffs' debt to be due, unconditionally and unqualifiedly, upon the soundest construction of his expressions. He went further than this. His inability to pay the debt he extremely regretted; a fact equally proving the justice and the existence of the demand. That it removed the bar of the statute, is too clear to admit of a question.

A new trial, therefore, I would not advise.

The other Judges were of the same opinion.

New trial not to be granted.