### HUMPHREY *against* OVIATT.

Where the plaintiff's account, in an action of book debt, brought by *A.* against *B.*, consisted of two items, *viz.* the sums of 150 dollars and

100 dollars, charged in 1814, as " cash by *E.*;" and in 1825, the parties made and subscribed the following writing in the plaintiff's book : " Reckoned and balanced all book accounts and all other accounts, of every name and nature, including a note given to *D.* and an account against *E.*; if it appears that the account is correct, *B.* is to pay the same ;" it was held, 1. that the book debt was not, by such settlement, merged in the new promise, the latter being a security of no higher nature than the former ; and consequently, the action was properly brought on the original cause of action ; 2. that the promise was not conditional, in such a sense as to require the action to be special ; but 3. that the promise in the writing being a promise to pay an account *against E.*, it was not applicable to the charges in the plaintiff's account of " cash *by E.*," and consequently, was no answer to the statute of limitations.

THIS was an action of book debt, which was referred to auditors.

On the trial before the auditors, the plaintiff claimed to recover on two items only of his account, *viz.* the sums of 150 dollars and 100 dollars—" Cash by *Elijah Ellsworth.*" These charges were admitted to have been made in the year 1814 ; and the defendant relied on the statute of limitations as an answer to the demand. To take the case out of the statute, the plaintiff offered in evidence the following writing, entered in his book, and signed by both the parties :

" *Goshen, February* 17*th*, 1825.

This day reckoned and balanced all book accounts, and all other accounts, of every name and nature, including a note given to *Nathaniel O. Dickinson* to be given up, and an account against *Elijah Ellsworth :* If it appears, that the account is correct, Mr. *Oviatt* is to pay the same account. This agreed by us.

*Eliakim M. Humphrey,*
*Benjamin Oviatt.*"

This writing was objected to, by the defendant ; but the auditors admitted it, and held it to be sufficient to remove the bar created by the statute of limitations. This was the only evidence offered for that purpose.

The defendant claimed, that if the writing was admissible, it evinced a settlement of all book accounts subsisting between the parties, at and prior to its date ; and, on that ground, the defendant objected to the auditors allowing any part of the plaintiff's account, which existed prior to that event. The auditors overruled this objection, and allowed to the plaintiff the

two items charged in the account as " cash by *Elijah Ells-* <span style="float:right">*Litchfield,*<br>June, 1831.</span>
*worth."*

The superior court reserved the case for the advice of this <span style="float:right">Humphrey</span>
Court, on the question, whether the report of auditors ought to <span style="float:right">*v.*<br>Oviatt.</span>
be accepted or set aside.

*Bacon,* for the defendant, contended, 1. That the writing
was not admissible in evidence for the purpose of taking the
case out of the statute of limitations.

In the first place, the account against *Elijah Ellsworth* is, by
the terms of the writing, expressly *included* in the settlement.

Secondly, " Cash BY *Elijah Ellsworth,*" as charged in the
plaintiff's account, cannot be " an account AGAINST *Elijah
Ellsworth,*" specified in the writing. The latter is, and must
be taken to be, a totally distinct thing from the former. The
writing must be construed by its own terms. *Barker* v. *Pren-
tiss,* 6 *Mass. Rep.* 430. 433. *Potter* v. *Yale-College,* 8 *Conn.
Rep.* 52.

Thirdly, the writing contains no such acknowledgment, as is
necessary to take the case out of the statute. There is no-
thing in it having the semblance of an acknowledgment, that
there was ever a just debt against the defendant. There is
even less ground for claiming an acknowledgment, that such a
debt was still subsisting. *Rrowcroft* v. *Lomas,* 4 *Mau. & Selw.*
457. But if the writing went thus far, and nothing more could
be said of it, it would not be sufficient to remove the bar. For
this purpose, the acknowledgment must be *unqualified and un-
conditional.* *Wetzell* v. *Bussard,* 11 *Wheat.* 309. *Bell* v.
*Morrison* & al. 1 *Pet. U. S. Rep.* 351. 362. At least, the ac-
knowledgment, if conditional, must be accompanied by proof
that the condition has been performed. *Heyling* v. *Hastings,*
1 *L'd. Raym.* 389. No such performance has been alleged
or proved.

2. That the present action, brought on the original cause of
action, cannot be sustained ; inasmuch as the writing shews
a settlement of all book accounts between the parties, embra-
cing every claim on book, and extinguishing the right of action
on every such claim. *Bunnel* v. *Pinto,* 2 *Conn. Rep.* 431. If
there is, subjoined to the settlement, an acknowledgment or
promise, amounting to a new undertaking, the plaintiff must
seek his remedy upon that ground, stating it specially. *Ashley*
v. *Hill,* 6 *Conn. Rep.* 246. If the undertaking was condition-

*Litchfield,* al, a performance of the condition should have been stated in
June, 1831. the declaration, and proved on the trial. 1 *Pet. U. S. Rep.* 362.

Humphrey
*v.*
Oviatt.

*J. W. Huntington,* contra, contended, **1.** That the action
was properly brought on the original cause ; as the effect of
an acknowledgment is, not to furnish a new cause of action,
but merely to remove the bar of the statute. The statute
does not extinguish the debt ; it does not proceed on
the ground of payment ; but it affords its protection to
the debtor, by taking away the remedy. If you remove the
temporary bar, by an acknowledgment or new promise, made
either before or after the statute has attached, you may sue on
the original cause of action. The condition attached to the
promise, in this case, makes no difference, except that the
plaintiff must shew, on the trial, a performance of that condi-
tion ; *i. e.* he must establish the correctness of the account ;
and this, it is to be presumed that he did, before the auditors.

**2.** That the writing, taking the whole together, does not
shew a settlement of the items in question. The account
against *E. Ellsworth* is so far excepted from the settlement,
that the defendant is to pay it, if correct. What particular
items constituted that account, must necessarily be shewn, by
extrinsic proof. And to this there can be no objection ; for it
does not contradict the writing, but stands well with it. 3
*Stark. Ev.* 1023. 1026. The identity of the items claimed
and those composing the account mentioned in the writing, is
now to be considered as having been established, by compe-
tent and sufficient evidence. The manifest object of the par-
ties, and the connexion of the writing with the book account,
if not of themselves conclusive, must have had an important
bearing on this point.

**3.** That the promise contained in the writing is sufficient to
take the case out of the statute of limitations.

BISSELL, J. The question, in this case, turns entirely on the
construction of the writing. The plaintiff contends, that it
refers to the two items of his account in controversy, and con-
tains a promise to pay them, if found to be correct. On the
part of the defendant, it has been contended, that admitting the
construction to be as claimed, yet the present action does not
lie : that the writing purports to make a final settlement of all
book accounts ; and this being so, the book debt is merged in

the new promise, upon which the action should have been *Litchfield,* brought. It is further contended, that the promise contained June, 1831. in the writing, is conditional, *viz.* a promise to pay, if it appear Humphrey that the account is correct ; and therefore, the declaration *v.* should have been special, setting forth the promise and the per- Oviatt. formance of the condition.

I do not think, that either of these objections ought to prevail. The new promise is not a security of a higher nature, and not a merger of the original cause of action. The remedy is still on *that ;* and such has been the uniform course of decisions. *Lord* v. *Shaler,* 3 *Conn. Rep.* 131.

Nor is the promise conditional, in such a sense as to require the action to be special. It is to pay, if the account be correct, and stands on the same ground as a promise to pay when the party shall be of sufficient ability ; or provided the plaintiff will prove his account : and in these cases, it has been uniformly holden, that the suit may be brought on the original cause of action.

What, then, is the fair construction of the writing in question ? The plaintiff's counsel contend, that this is its legal import : " Settled all book accounts, except the charges of cash by *Elijah Ellsworth,* which Mr. *Oviatt* is to pay, if it appears that the account, is correct." This construction I do not feel at liberty to adopt ; as it is directly opposed to the express terms of the writing itself. That contains a promise to pay an account *against Elijah Ellsworth.* The charges, on which a recovery is sought, are *against the defendant ;* and may either intend cash delivered to him, by the hand of *Ellsworth,* or cash delivered to *Ellsworth,* by his (the defendant's) order. In either case, the right to charge these moneys to *Ellsworth,* is effectually precluded. The charges are properly made against the defendant. They could have been made to no one else. By what rule of construction, then, can a promise to pay an account against *Ellsworth* be made to mean a promise to pay the defendant's own debt. Suppose an action were brought on the promise contained in this instrument, and in support of it, the plaintiff should prove a valid account against *Ellsworth ;* can it be said, that he would not be entitled to recover ? And could the defendant set up the construction now contended for, as a defence against such an action ? And could even a recovery here be interposed as a bar ? I think

53

Litchfield, not; and if not, it is very clear, that the construction claimed
June, 1831. by the plaintiff ought not to prevail.

Humphrey
v.
Oviatt.

It is, however, said, that being entered on the plaintiff's book, and importing, that there was a settlement of the book accounts of the parties; the writing must be supposed to be conversant about, and to refer to, such accounts only.

If the settlement referred to by the writing, embraced nothing but the book accounts of the parties, there might be some force in the argument. But the settlement was not thus confined, but obviously extended to every thing in controversy between the parties. Why, then, should the writing be supposed to refer, necessarily and exclusively, to the book accounts, when the settlement, of which it speaks, was not thus limited?

If it had been the intention of the parties to exclude the items in question from the settlement, and to embrace them within the promise, they could easily have done so; and the presumption is, that the promise would so have been framed as to express that intention. But the language of this instrument conveys no such idea. It refers to another and distinct subject; and we cannot apply it to this, without doing violence as well to its obvious import, as to the apparent intent of the parties. The writing is plain and unambiguous, and must be construed by itself; and being so construed, can have no reference to the subject matter of this controversy; and of course, furnishes no answer to the statute.

I would advise the superior court, that the report of the auditors, in this case, be set aside.

The other Judges were of the same opinion.

Report of auditors to be
set aside.