The plaintiff claims that the defendant is indebted to it for merchandise sold and delivered to him from December 1, 1930 to June 6, 1931, with the last sale on the sixth day of June, 1931, and the last credit on the first day of August, 1931, represented by a payment of $50 on account. Suit was instituted on the ninth day of August, 1937, more than six years after the last credit, and the claim is, therefore, barred by the statute of limitations, unless the acknowledgment and promise to pay by the plaintiff a few days after July 19, 1932, tolled the statute.
On the issues of fact, the court prefers to accept the plaintiff's evidence, and, therefore, finds that a few days after the letter of July 19, 1932 was written, the defendant visited the plaintiff's office and then and there acknowledged the debt and promised to pay when able to do so.
Did this acknowledgment and promise to pay, at some uncertain future time, toll the statute of limitations? *Page 49 
Were this action based upon the defendant's new promise, the court would have no hesitancy in denying recovery without proof of the defendant's ability to pay. Booth vs. Booth Bayliss Commercial School, Inc., 120 Conn. 221.
It is, however, based upon the original debt, barred by the statute, which is claimed by the plaintiff to be tolled by the acknowledgment and promise to pay.
The court is, therefore, called upon to determine the effect of an acknowledgment of a debt otherwise barred by the statute of limitations.
The essential attribute of a statute of limitations is that it accords and limits a reasonable time within which a suit may be brought upon a cause of action which it affects, and is enacted to restrict the period within which the right, otherwise unlimited, might be asserted. It is available only as a defense, and rarely operates against one in the enjoyment of an existing right. It does not, as a rule, affect the right but destroys the remedy usually available to enforce the right, and is founded in part on the general experience of mankind that claims which are valid are not usually allowed to remain neglected, and that the lapse of years without any attempt to enforce a demand creates a presumption against its original validity. 37 C.J.Limitations of Actions § 2. But the basic principle, more frequently relied on by prevailing authorities, is that statutes of limitations are for the peace and repose of society. The repose of society demands that the rights of men be enforced within a reasonable time, and failure so to enforce such rights alone bars action. As a statute of repose, it is a meritorious defense which may, with propriety, be set up in an action upon a claim.City of Knoxville vs. Gervin, 169 Tenn. 532, 103 A.L.R. 87.
Under the common law, there was no fixed time for the bringing of actions, and claimants abused this right to such an alarming degree that courts by judicial acts began to limit the time within which suits could be brought. These judicial acts were, from time to time, supplemented by legislative enactments which sought to narrow the latitude of the common law in this respect, and ultimately culminated in the statute of 21 James I, which is said to be the first general statute on the subject. Statutes, with varying modifications, now exist both in England and in different jurisdictions in this country, and although, at first regarded as dishonorable defenses, are now looked upon *Page 50 
with favor, and regarded as founded on sound policy. 37 C.J.Limitations of Actions §§ 6-9.
Upon its face the claim under consideration is barred by section 6005 of the General Statutes, Revision of 1930, which provides that "No action for an account, or for a debt due by book to balance book accounts, or on any simple or implied contract .... shall be brought but within six years next after the right of action shall accrue."
The right of action originally accrued August 1, 1931, when the last $50 payment was made, and, pursuant to the statute, would expire on August 1, 1937. But in July, 1932, the defendant came to the plaintiff's office and made the following statements to an officer of the plaintiff: "You don't need to worry about me, Mario Cianci always has paid his bills and he always will." "You know, Mr. Johnston, times are hard now." "I will take care of it just as soon as I can."
Is this acknowledgment and promise sufficient to toll the statute?
"The earlier decisions, with regard to the English statute of limitations, held that a mere acknowledgment of the debt, without a promise to pay, would not affect its operation.... And then the decisions going further held that the slightest acknowledgment, whether by word or in writing, would take the case out of the statute. Under the modern doctrine, however, that statutes of limitations are statutes of repose, the general rule in the United States and England is that a particular case may be removed from the bar of the statute by .... an acknowledgment of the debt from which a promise to pay is to be implied." 37 C.J. Limitations of Actions § 564. That seems the better rule, although the conflict of judicial opinion in the various states has created such indecisiveness that judicial opinions are without decisive value as authority outside of the jurisdiction in which they have been uttered.
In Connecticut the exact question here involved does not seem to have arisen in recent times, and the court wonders whether the rule enunciated in the early cases would be adhered to by our Supreme Court today. Quite recently in a case where a guarantor on a note raised the statute as a defense, although the obligation had been kept alive by the maker, the court held that the statute cannot be tolled against the guarantor by the maker. The Supreme Court repudiated its earlier *Page 51 
decisions in Bound vs. Lathrop, 4 Conn. 336; Austin vs. Bostwick,
9 id. 487; Clark vs. Sigourney, 17 id. 511; Caldwell vs.Sigourney, 19 id. 37; Bissell vs. Adams, 35 id. 299; and Beardsleyvs. Hall, 36 id. 270, and construed the statute more strictly against the plaintiff by narrowing the latitude allowed in its earlier cases, and bestowing the blessings of the statute with greater generosity upon defendants "lulled into a sense of security by the running of the statute against the debt." BroadwayBank and Trust Co. vs. Longley, 116 Conn. 557. This decision brought Connecticut into line with prevailing judicially expressed views in the United States and England. Whether or not our Supreme Court would follow the same course and repudiate its earlier decisions on the subject matter here involved is a question. Until such time as we have a more up-to-date precedent, however, the earlier decisions are still the law in this state, and seem to be in accord with prevailing opinion, and based upon sound judgment.
"The law of limitation has taken effect, unless the acknowledgment of the debt has removed it from the way.... `It has frequently been decided .... that an acknowledgment of a debt, barred by the statute of limitations, takes the case out of the statute, and revives the original cause of action'." Lord vs.Shaler, 3 Conn. 131, 132.
A general acknowledgment of a subsisting indebtedness without specifying the amount of the debt or the balance due, is sufficient to take a case out of the statute of limitations. Lordvs. Harvey, 3 Conn. 370.
In the case of DeForest vs. Hunt, 8 Conn. 179, the expression of regret by a debtor that the prospect of paying an account at present "is not very flattering; as it is utterly out of my power to pay any thing", was held to be a sufficient acknowledgment to remove the bar of the statute. And in the case of Blakemanvs. Fonda, 41 Conn. 561, 565, the court held that the words "If you will call in two weeks I will pay you something on it, I cannot tell you how much", "evinces an unmistakable intention to waive the benefit of the statute", because "There is not only an acknowledgment of the existence of the debt, but there is an express promise to pay some part of it at a time named."
In the case of Norton vs. Shepard, 48 Conn. 141, 142, the words "I will pay it as soon as possible" were held to be a sufficient acknowledgment of the debt to take it out of the statute. In this case the court held that as a general rule "any language *Page 52 
of the debtor to the creditor clearly admitting the debt and showing an intention to pay it will be considered an implied promise to pay and will take the case out of the statute."
The decisions in all these cases are based on the theory that the right always exist but becomes unenforceable through the destruction of the remedy. If, however, a debtor gives new life to the remedy, or revives it by acknowledging the existence of the right, he waives the benefit intended for him by the statute.
This case is analagous to those cited above; there is the debt, the acknowledgment, and the promise to pay; the right has never been extinguished, and the remedy has been kept alive by the defendant's acknowledgment and his promise to pay when able to do so.
 The issues are found, and judgment may be entered for the plaintiff to recover the sum of $143.99, together with interest amounting to $65.30, or a total of $209.29, and costs.