## BROWN vs. KEACH.

A new trial will not be granted in a cause, unless it appears that injustice either was, or might have been, done on the former trial.

If it appears, from the evidence introduced on the trial of a cause, that the plaintiff is entitled to a verdict, a new trial will not be granted, on the ground that the court refused to instruct the jury as to the legal construction and effect of such evidence.

In an action on a promissory note, to which the defendant had pleaded the statute of limitations, it was shown that the daughter of the plaintiff, as the agent of the latter, wrote to the defendant a letter, calling his attention to the fact that he was indebted to the plaintiff by note, to which the defendant soon afterward replied, " Yours, of the 24th, has been received, and in reply, I hardly know what to say; but as you request an answer soon, I will say in return, that I can't tell you what. I can do at present, but I have been thinking of coming to W. for some time, but will omit it until I hear from you again. I wish you by return of mail, to send me a true copy of all the claims that you hold against me in full dates; that is, I want it word for word, and endorsements, &c., and state where your mother and sister are now living, and I will either see them or write soon." Held, that such letter of the defendant, under the circumstances, was sufficient to remove the bar.

Where, in such action, the defendant claimed, as matter of law, that such letter did not amount to an acknowledgment of the note as an existing indebtedness, and that it should not go to the jury as any evidence of a new promise, and the court refused to put any legal construction upon the written evidence, but left all the evidence in the case to the jury, as relevant to prove an acknowledgment of a debt by the defendant, and a verdict was rendered in favor of the plaintiff; it was held, that as the evidence showed that the plaintiff was entitled to a recovery, it was immaterial whether the verdict of the jury was founded upon their opinion of the evidence, or rendered in obedience to the instruction of the court as to the law of the case, and therefore a new trial ought not to be granted.

THIS was an action upon a promissory note, dated December 19, 1842, for the sum of one hundred and seventy-six dollars, payable to the plaintiff, or her order, on demand with interest. The writ was dated April 12, 1854. The defendant pleaded the statute of limitations. The cause was tried at Brooklyn, at the April term, 1855.

Upon the trial of the case to the jury, the plaintiff, to prove an acknowledgment of the debt by the defendant, called her daughter, Melissa Brown, who testified that, in the latter part of December, 1851, she, as the agent of her mother and sister, wrote the defendant a letter, (which having been lost could not be produced,) in which she called his attention to the fact, that he owed her mother, her sister, and herself, each, a note; that they all wished payment; that her mother was poor and needy, and very much required the money on her note. That soon afterward, and in the early part of January following, she received from him, in reply, the following letter.

"Thompson, January 3, 1852.

"Yours of the 24th has been received, and in reply, I hardly know what to say; but as you request an answer soon, I will say in return, that I can't tell you what I can do at present, but I have been thinking of coming to Woonsocket, for some time, but will omit it, until I hear from you again. I wish you, by return of mail, to send me a true copy of all the claims that you hold against me, in full dates; that is, I want it word for word, and endorsements, &c., and state where your mother and sister are now living, and I will either see them or write soon. Yours, with respect,

Joseph Keach."

The witness further testified, that the note in suit was the only one her mother ever held against the defendant.

Upon this testimony, the defendant claimed, as matter of law, that the court should construe the written testimony, and decide that the letter did not amount to an acknowledgment of the note, as an existing indebtedness, and that it should not go to the jury, as any evidence of a new promise.

The court declined to put any legal construction upon the written evidence, but left all the evidence in the case, to the jury, as relevant to prove an acknowledgment of the debt by the defendant.

The jury, having returned a verdict in favor of the plaintiff, the defendant moved for a new trial, and the case was reserved for the advice of this court.

*Foster* and *Graves,* for the defendant.

1. The construction of every instrument is matter of law, and not one of fact. *Wilcox* v. *Roath,* 12 Conn. R., 580.

2. The letter, written by the defendant, was not a new promise, nor evidence of one; nor that from which a new promise could be implied or inferred.

*J. H. Carpenter,* for the plaintiff.

I. The charge of the judge was correct. The questions in the case were questions of fact and properly submitted to the jury. 2 Greenl. Ev., 357, § 442. *Lloyd* v. *Maund,* 2 T. R., 760. *DeForest & Son,* v. *Hunt,* 8 Conn. R., 179. *Clark* v. *Sigourney,* 17 Conn. R., 511. 1 Sw. Dig., 301, 305. *Frost* v. *Bengough,* 8 E. C. L. R., 317. *Linsell* v. *Bonsor,* 29 E. C. L. R., 319. *Colledge* v. *Horn,* 3 Bing., 119. 11 E. C. L. R., 59.

II. If the jury have taken a correct view of the evidence, a new trial will not be granted, though the charge of the judge should be found erroneous. *Wilcox* v. *Roath,* 12 Conn. R., 580.

III. The jury have clearly taken the correct view of the testimony. 2 Stark. Ev., 37. 1 Greenl. Ev., § 197. 2 Greenl. Ev., § 441. *East India Co.* v. *Prince,* 21 E. C. L. R., 474. *Whitney* v. *Bigelow,* 4 Pick., 110. *DeForest & Son* v. *Hunt,* 8 Conn. R., 179. *Frost* v. *Bengough,* 8 E. C. L. R., 317.

WAITE, C. J. In the case of *Wilcox* v. *Roath*, a question arose, whether it was the duty of the court to determine whether a certain letter, written by the defendant, amounted to a ratification of a contract, made by him, while a minor. The judge, who drew up the opinion of the court, after reviewing the different decisions, and practice, upon that subject, waived a determination of the question, as the case could be disposed of upon another ground. 12 Conn. R., 580.

In a later case, before an English court, the plaintiff read in evidence a letter to the defendant, and his answer thereto, and then called upon the judge to determine, as matter of law, that they were sufficient to remove the bar, created by the statute of limitations. Baron Parke, who presided on the trial, had so much doubt as to his duty upon that subject, that he finally submitted the evidence to the jury, to say whether it was sufficient to remove the bar, and at the same time accompanied that submission, with an expression of his own opinion. *Bucket* v. *Church*, 9 C. & P., 209. 38 E. C. L. R., 83.

The more correct rule is laid down in a still later case. *Clark* v. *Sigourney*, 17 Conn. R., 517. It is there said, that " whether promises were made is a question of fact, to be determined by the jury; but what is the construction and effect of them, if made, is a question of law, to decide which is the province of the court.

But, as was said in the case first cited, it is unnecessary for us to decide that question, for the only material enquiry here is, whether it was the duty of the court below to have instructed the jury, as matter of law, that upon the evidence the plaintiff could not recover.

If it was, then the court erred, and a new trial ought to be granted, as the court refused to give that instruction.

But if the evidence shows that the plaintiff was entitled to a recovery, then it is perfectly immaterial, so far as the justice of the case is concerned, whether the verdict of the

jury was founded upon their opinion of the evidence, or rendered in obedience to the instruction of the court, as to the law of the case. The result is the same, as it should be. And this court will never grant a new trial for any irregularity in the proceedings in the court below, unless it can see that injustice either was, or might have been, done on the former trial. *Kelsey* v. *Hanmer*, 18 Conn. R., 320.

With respect to the effect of the evidence, the case seems to fall within the principles recognized by this court in *DeForest* v. *Hunt*, 8 Conn. R., 179. The letters, in that case, were very much of the same character, as those in the present, and were holden sufficient to remove the bar created by the statute.

And, as in our opinion, the cases are so much alike in principle, that the decision in that case must govern the present, we deem it unnecessary to go into an examination of the numerous other cases upon the subject.

We accordingly advise the superior court, that a new trial ought to be denied.

In this opinion the other judges, STORRS and HINMAN, concurred.

*New trial not to be granted.*