Gaston *v.* Canty.

WILLIAM E. GASTON *vs.* TIMOTHY CANTY AND ANOTHER.

The statute (Gen. Statutes, tit. 19, ch. 14, sec. 8,) provides that in all actions of tort tried in the Superior Court, Court of Common Pleas or District Court, and not brought to such court by the defendant by appeal, if the damages found do not exceed fifty dollars the plaintiff shall recover no more costs than damages, except in certain specified cases. Held not applicable to actions of replevin, where the right to the possession of the property replevied is the principal matter, and the jurisdiction is determined (Gen. Statutes, tit. 19, ch. 17, sec. 4,) by adding to the value of the goods to be replevied, as stated in the writ, the amount claimed as damages for the detention.

REPLEVIN; brought to the District Court of Litchfield County and tried to the jury before *Cowell, J.* Verdict for the plaintiff for three dollars damages. The defendants moved that, under the statute (Gen. Statutes, p. 445, sec. 8,) the plaintiff be allowed no more costs than damages. The court allowed full costs and the defendants brought the record before this court by a motion in error. The case is sufficiently stated in the opinion.

*A. H. Fenn,* for plaintiffs in error.

*H. P. Lawrence,* for defendant in error.

GRANGER, J. This is an action of replevin, brought to the

District Court of Litchfield County, in which the property sought to be recovered is alleged to be of the value of two hundred dollars, and the damages claimed are six hundred dollars. The jury returned a verdict for the plaintiff, and for three dollars damages. The court accepted the verdict and rendered judgment for the plaintiff for three dollars damages and full costs. The defendant has filed a motion in error, on the ground that the plaintiff was entitled to no more costs than damages under the statute (Gen. Statutes, p. 445, sec. 8,) which provides that "if the damages found and assessed in any action at law in the Superior Court, Court of Common Pleas, or District Court, and not brought to such court by the defendant by appeal, shall not exceed one hundred dollars, costs may be taxed at the discretion of the court in favor of either party; provided that, in all actions of tort so tried, and not brought to such court by the defendant by appeal, if the damages found do not exceed fifty dollars, the plaintiff shall recover no more costs than damages, unless the title to property or a right of way or to the use of water is in question, the value of which property is found to exceed fifty dollars."

But it is very plain that this statute was intended to apply (aside from the cases excepted in the last clause) only to actions of tort, in which the damages claimed are the sole object sought, and go to make up the whole judgment for the plaintiff, where judgment is rendered in his favor. This is the case in actions for assaults, for slander, for fraud, and the like. In replevin the property replevied is really the subject matter of the suit and trial, and the damages merely incidental. Indeed the matter in demand, for the purposes of jurisdiction, is made by statute to consist of the alleged value of the property added to the damages demanded. Gen. Statutes, p. 485, sec. 4. As the plaintiff has already the property in his possession by the replevin, there is no need of a judgment that he retain it, and no occasion for an assessment of its value by the jury. If the jury find a verdict for the plaintiff it leaves the property in his hands, and the damages awarded are merely for the detention. It is

like the case of trespass for taking and carrying away goods, where the plaintiff ordinarily recovers the value of the goods, but where, if the defendant returns them while the suit is pending, he recovers only for the taking and detention. It is only where some portion of the property claimed by the plaintiff in his writ has not been replevied, that the value of such property can be added to the damages for the detention and included in the judgment. In every other case the damages may be very small, while the value of the property replevied may be large. Indeed the value of the property has little relation to the damages. They are larger or smaller according to the longer or shorter time that the property has been detained and are affected by the character of the property as well as by its value. It is very clear that the statute was never intended to make the amount of the damages recovered determine the question of costs, and this independently of the question whether the title to the property is put in issue by the pleadings.

There is no error in the judgment of the court below allowing the plaintiff full costs.

In this opinion the other judges concurred.