CUSHMAN A. SEARS *vs.* LOUIS W. HOWE, ADMINIS-TRATOR.

First Judicial District, Hartford, January Term, 1908.

BALDWIN, C. J., HAMERSLEY, HALL, PRENTICE and THAYER, Js.

The written acknowledgment or promise which is required by General Statutes, § 707, in order to take a case against the representatives of a deceased person out of the statute of limitations, may be aided by other writings to which it refers and in answer to which it was written. By virtue of such reference the other writings, in so far as they identify the particular indebtedness to which the acknowledgment or promise applies, or otherwise clarify its meaning, become part of the latter, and in connection therewith are admissible in evidence; and if lost or destroyed, secondary evidence of their contents is admissible under the ordinary rules applicable to the proof of lost documents.

Section 707 has worked no change in the nature or character of the acknowledgment which is necessary to remove the statutory bar: an unequivocal acknowledgment of an existing indebtedness is still enough.

The written acknowledgment in the present case *held* to be unequivocal and sufficient to remove the statutory bar, although not in express words.

A mere mistake in the description of the signature of a note of a deceased person, when presented as a claim against his estate, will not invalidate the presentation.

Argued January 15th—decided March 3d, 1908.

ACTION to recover the amount of two promissory notes, brought to and tried by the Superior Court in Hartford County, *Ralph Wheeler, J.;* facts found and judgment rendered for the plaintiff, and appeal by the defendant. *No error.*

*Harrison B. Freeman, Jr.,* and *Stewart N. Dunning,* for the appellant (defendant).

*John R. Buck* and *John H. Buck,* for the appellee (plaintiff).

THAYER, J. The complaint alleges that the plaintiff indorsed, for the accommodation of the defendant's intestate, two notes payable at bank four months after their date; that the maker did not pay them when due, and that the plaintiff was compelled to and did pay them. The defendant, by his answer, denied knowledge of the making, indorsing and payment of the notes, and also pleaded the statute of limitations. The plaintiff replied, denying the allegation that the right of action did not accrue within six years, and also alleged that there was an acknowledgment and new promise by the decedent in writing within six years. After a demurrer to the entire reply had been overruled, the defendant rejoined by a denial.

Inasmuch as the questions that were raised by demurrer were also made on the trial by objections to evidence, and are now before us in that form, it is sufficient to consider them as thus presented.

These questions are: (1) Whether certain letters of the decedent, either alone or in connection with letters of the plaintiff to which the decedent's letters refer and in reply to which they were written, contained an acknowledgment or new promise sufficient, under General Statutes, § 707, to take the case out of the statute of limitations; and (2) whether the letters of the decedent, and parol proof of the contents of the letters written by the plaintiff, were properly admitted in evidence.

The statute referred to provides that "in actions against the representatives of deceased persons, no acknowledgment or promise shall be sufficient evidence of a new or continuing contract to take the case out of the statute of limitations, unless the same be contained in some writing made or signed by the party to be charged thereby." The defendant claims that the indebtedness referred to, as well as an unequivocal acknowledgment of it as an existing obligation, must all appear in the writing and cannot be aided either by oral or written evidence of other parties. But when a document includes a reference to another existing one, and is unintelligible without such reference, the one so referred to becomes a part of the one making such reference. 3 Wigm. on Ev., § 2120. In *Walson* v. *Moore*, 1 C. & K. 626, counsel, who offered in evidence a letter referring to another to which it was a reply, was stopped by Pollock, C. B., and not allowed to introduce it without putting in the one to which it was an answer. The decedent's letters, without reference to the plaintiff's letters to which they are replies, do not identify or in any way refer to any obligation of the decedent to the plaintiff, or show to what matters they refer. The plaintiff's letters referred to the notes in question and requested payment. The decedent referred to these letters in his replies, and made them to that extent a part of his own, and thus showed to what matter his own letters referred. The plaintiff's letters, to the extent to which they made intelligible the decedent's answers thereto, became, by the reference, a part of such answers, and in connection therewith were admissible. *Trischet* v. *Hamilton Mutual Ins. Co.*, 14 Gray (Mass.) 456, 457; *Buffum* v. *York Mfg. Co.*, 175 Mass. 471, 474, 56 N. E. 599; *Insurance Co.* v. *Higginbotham*, 95 U. S. 380, 390. The defendant's objection to their admission was therefore properly overruled.

The defendant being called upon to produce the plaintiff's letters, said he was unable to do so, and that if in existence he had no knowledge of them. Thereupon the plaintiff was permitted, by secondary evidence—a copy of

one and parol evidence as to the others—to prove their contents. The defendant insists that if the letters themselves were admissible as a part of the written acknowledgment, it was not competent to prove their contents by secondary evidence. While the statute requires that the acknowledgment must be in writing, it does not prohibit proof of the written acknowledgment by the ordinary rules of evidence. If the written acknowledgment should be lost, we see no reason why it may not be proved by the ordinary rules applying to lost documents. The foundation having been properly laid for the introduction of secondary evidence, by the defendant's omission to produce the letters which were the best evidence, and which, unless lost or destroyed, must be presumed to be in his possession, the secondary evidence of the contents of the letters was properly admitted.

The remaining question is whether the letters contain an acknowledgment of the debt in suit sufficient to take the case out of the statute of limitations. The acknowledgment by signed writing, required by § 707 in an action against the representative of a deceased person, is only such a one as, if made orally or by an unsigned writing, would have been sufficient in an action against the deceased in his lifetime. Such cases have been frequently before this court, and it has been determined that in this State an unequivocal acknowledgment of an existing indebtedness is enough, and that an acknowledgment or new promise in express words is not necessary. *De Forest* v. *Hunt*, 8 Conn. 179, 185; *Blakeman* v. *Fonda*, 41 id. 561, 565; *Norton* v. *Shepard*, 48 id. 141, 142. It is unnecessary to consider each of the three letters of the decedent in detail. They were written under similar circumstances, within a period of six months, in answer to letters calling his attention to this indebtedness and asking him to pay it. In the letter of June 24th he says: " Your letter of the 23d came duly to hand this. P. M. and contents noted. I am sorry that I am not in a position at this time to help you out as you request, but I can't get in funds enough to

pay my running expenses. . . . I have about 200 tons of Spar ready for shipment in the mill. Just as soon as I can see my way clear I will help you out." The parts of the letter omitted explain why he was not in funds. He does not in the letter say, in express words, " I acknowledge the debt and will pay it "; but could the person who received it in reply to a letter calling the decedent's attention to that indebtedness and asking for payment, understand anything else from the language? That, we think, is the fair interpretation of it in view of the circumstances. The language in *Brown* v. *Keach*, 24 Conn. 73, and in *De Forest* v. *Hunt*, 8 Conn. 179, which was in each case held sufficient to remove the bar, was less conclusive than this. We think the court was fully justified in holding that the letters in question were a sufficient acknowledgment.

One of the notes in controversy was signed by the decedent, " Charles H. Hall & Co." It was in fact his individual note. In presenting a copy of it to the defendant as administrator, it was by oversight described as signed by Hall individually. These facts appear by the amendment to the complaint. The defendant objected to the proof of this note, but the objection was properly overruled. The evidence tended directly to prove the allegations of the complaint.

The motion for a nonsuit, based upon the same ground as the objection to the evidence, was upon the same ground properly overruled. The fact that by oversight the note presented to the administrator was improperly described as to the signature, did not make the presentation invalid. Had the defendant inquired he would have learned how the note was signed, and also that it was the individual note of his decedent.

There is no error.

In the opinion the other judges concurred.