ELIZA RADIGAN *vs.* PHILIP F. HUGHES.

First Judicial District, Hartford, January Term, 1911.
HALL, C. J., PRENTICE, THAYER, RORABACK and WHEELER, Js.

An unequivocal acknowledgment of an existing indebtedness is required in order to remove the bar of the statute of limitation; since it is only from such an acknowledgment that the law will imply a promise of payment.

The defendant, an executor, in his administration account credited the plaintiff, a devisee, with a sum of money the payment of which was required by the terms of the devise, and also with a further sum amounting to about one fourth of the debts of the estate in excess of the value of the personal property available for their payment; which sums the defendant, acting in good faith but erroneously, informed the plaintiff she was bound to pay in order to entitle her to the devise. The Court of Probate treated the sum paid to discharge the debts of the estate as an overpayment which still remained in the hands of the executor, and the account was framed in compliance with such ruling. In an action for money had and received it was *held:*—

1. That the items of the account relied upon as showing an acknowledgment upon the part of the defendant should be read not only in connection with all the others, but also in the light of the facts and circumstances under which they were made, as disclosed by the record.

2. That as thus read, none of the items constituted an unequivocal acknowledgment of indebtedness, either past or present, since there was nothing to indicate that it was not the duty of the plaintiff, irrespective of any provision of the will, to pay her proportional part of the debts of the estate, nor any admission by the defendant that no such duty rested upon the plaintiff; while there was much in the record to indicate the contrary.

Whether a statement by an executor in his administration account can
ever properly be regarded as an acknowledgment or promise by
him in his individual capacity to his personal creditor, *quære*.

A plaintiff who relies upon an acknowledgment or new promise of the
defendant to avoid an answer of the statute of limitation, should
plead it in his reply to such answer.

Argued January 4th—decided March 8th, 1911.

ACTION to recover money paid under mistake,
and for the use and occupation of land, brought to
and tried by the Court of Common Pleas in Hartford
County, *Coats, J.;* facts found and judgment rendered
for the plaintiff, and appeal by the defendant. *Error
and judgment reversed.*

*Stewart N. Dunning,* for the appellant (defendant).

*Sidney E. Clarke,* for the appellee (plaintiff).

HALL, C. J.   The bills of particulars filed under the
complaint dated March 9th, 1909, are as follows:—

Under first count: "Jan. 5, 1900.   To money had
and received from the plaintiff for the settlement of the
estate of Thomas Hughes, account rendered by de-
fendant, December 18, 1907, $44.14.   To interest for
9 years, 4 mos., $24.71.

"On December 18, 1907, the sum of seventy dollars
was found to be due to the plaintiff from the defendant
on an account then and there stated."

Under second count: "To use and occupation of land
of the defendant from January 1, 1900, to date, $400.00."

The first defense of the answer denies the allegations
of both counts, and the second alleges that the right of
action stated in the first count, and a certain part of
that described in the second count, did not accrue
within six years before the commencement of this ac-
tion.   The reply denies the allegation of the second
defense.

In his memorandum of decision the trial judge says that "the account rendered in the Court of Probate is sufficient to take the claim for $44.17, over payment, out of the statute of limitations," and that the defendant is not liable in this action for the claim described in the second count.

The judgment-file states that the court found the issues for the plaintiff, and that it is adjudged that the plaintiff recover $71.31 and costs.

This judgment is evidently based upon the court's conclusion as indicated by the memorandum of decision, that the facts found show that in January, 1900, the plaintiff made an overpayment to the defendant of $44.17, which she was entitled to recover back, as money had and received, and that by the language of his final account as executor, filed in the Court of Probate February 8th, 1908, the defendant acknowledged his indebtedness to the plaintiff in that sum.

This decision is the only ground of appeal.

The final account, which is held to be such an acknowledgment, is as follows:—

"Account of Philip F. Hughes,
as Executor of Will and Estate of Thomas Hughes,
Deceased.

Dr.

| | |
|---|---:|
| Household furniture, as per inventory | $150.00 |
| Horse, as per inventory | 50.00 |
| Cow, pig, &c., not inventoried (by order of court) | 100.00 |
| Rental of real estate (by order of court) | 30.00 |
| Amount advanced by executor to pay bills (by order of court) | 201.70 |
| | $531.70 |

### Cr.

| | | |
|---|---:|---:|
| Personal property distributed to life tenant | | $250.00 |
| Hartford Times Adv. (Sept. 1–99) | $  3.00 | |
| Probate fees, paid (Nov. 1–99) | 19.00 | |
| C. J. Dillon, Undertaker (Aug. 8–99) | 138.00 | |
| Newton Osborn interest (March 12–00) | 14.55 | |
| J. O'Flaherty, M. D | 20.00 | |
| Town Clerk, Recording ctf | .40 | |
| Sinnott Brothers (Aug. 18–99) | 53.35 | |
| City of Hartford, Taxes | 22.80 | |
| City of Hartford, Water Rates | 10.60 | 281.70 |
| | | $531.70 |

### Dr.

| | |
|---|---:|
| Relihan Children Bequest | $200.00 |
| Newton Osborn Mortgage | 150.00 |
| | $350.00 |

### Cr.

| | | |
|---|---:|---:|
| Amount advanced by Eliza Radigan | $131.67 | |
| Amount found by Court overpaid and held by administrator | 44.17 | |
| | | |
| Net advanced by Eliza Radigan towards bequest & mortgage | | $87.50 |
| Amount found to be advanced by court by Thos. Hughes and held by administrator | $60.00 | |
| Amount advanced by Philip Hughes towards bequest and mortgage | | $262.50 |
| | | $350.00 |

Philip F. Hughes.

Hartford, Feb. 8, 1908.
  Sworn to and subscribed before me, Stewart N. Dunning, Justice of the Peace.
Accepted Mch 10th, 1908."

These items of the account, it is claimed, show an acknowledgment by the defendant of his indebtedness to the plaintiff:—

"Cr.

"Amount advanced by Eliza Radigan. . $131.67
"Amount found by court overpaid and
    held by administrator. . . . . . . . . . . . 44.17
"Net advanced by Eliza Radigan towards bequest & mortgage. . . . . . . . 87.50"

As these items contain no express promise to pay the debt in question, they must, in order to remove the bar of the statute of limitations, contain such an acknowledgment of the debt as will justify the inference of a promise to pay it. *Norton* v. *Shepard*, 48 Conn. 141; *Blakeman* v. *Fonda*, 41 id. 561. An unequivocal acknowledgment of an existing indebtedness is sufficient for that purpose, since from such acknowledgment the law implies a promise to pay it. *Sears* v. *Howe*, 80 Conn. 414, 417, 68 Atl. 983; *Norton* v. *Shepard*, 48 Conn. 141; *Blakeman* v. *Fonda*, 41 id. 561.

To determine whether the items of the account contain such an unequivocal acknowledgment of an existing indebtedness, they should be read, not only in connection with all the items of the account of which they are a part, but also in the light of the facts and circumstances under which they were made, and which appear in the finding.

As throwing light upon these items of the account which are claimed to constitute an unequivocal ac-

knowledgment by the defendant of an existing indebtedness to the plaintiff, the following facts which appear upon the record are pertinent:—

The plaintiff and defendant are children of Thomas Hughes, who died in 1899, leaving a will of which he appointed the defendant the executor, and by which he gave to his widow, Sarah Hughes, the life use of his real and personal property; to two grandchildren $100 each; and to each of his four children a described portion of a certain tract of land, subject to said life estate, and upon the "condition precedent" that each of said children should within six months after the testator's death pay to the executor one fourth of the sum of $350, to be applied in the payment of said legacies to the two grandsons, and to the payment of an existing mortgage of $150 upon said tract of land so divided among the four children. As a reason for imposing said conditions, the testator stated in his will that he had no money in his own name, and that it was uncertain whether he would have any during his life.

When the defendant proceeded to settle his father's estate, he found, as his account shows, that in addition to the two legacies to the grandchildren amounting to $200, and the mortgage of $150, both of which, by the terms of the will, were to be paid by equal contributions by the four children, there were bills to the amount of $281.70 to be paid. The first credit item of the account of $250 shows that the household furniture, valued at $150, and the personal property, valued at $100 ("not inventoried by order of court"), were distributed to the widow. This left in the hands of the executor the personal property named in the second and fourth debit items, valued at $80, which, deducted from the amount of the bills, $281.70, left an excess of debts over personalty to the amount of $201.70. To procure the necessary funds to pay these debts the

Radigan *v.* Hughes.

executor, as the finding states, added to the $350, which the will expressly provides should be paid by the four devisees, the debts above described, and assigned to the plaintiff one quarter of said increased sum "as the amount necessary for her to pay in order to fulfill the condition in said will to her receiving the building lot devised therein to her." He explained to the plaintiff "how he arrived at said sum, and exhibited to her the bills for the debts and charges." He believed that by the will the plaintiff was required to pay such one-fourth part of the debts as well as a fourth part of the legacies and mortgage. Relying upon the statement of the defendant, the plaintiff paid to him the $131.67. The defendant thereupon paid the legacies and the mortgage, and also the debts, as appears by the fifth and by the last items of the account. It does not appear that the plaintiff ever requested the repayment of any part of said sum of $131.67 until this suit was brought some nine years later.

Read in the light of these facts, can the items of the account in question properly be regarded as an unequivocal acknowledgment by the defendant of his individual indebtedness to the plaintiff?

First, it is to be noted that this is an account which the law requires the executor to file in the Court of Probate. It is supposed to contain an account of the manner in which, as executor, he has settled the estate of his testator, and not a history of his personal transactions with others.

But, waiving the question of whether a statement by an executor in such an account can ever properly be regarded as a promise or acknowledgment by him in his individual capacity, made to his personal creditor, we next observe that the item of the account which is claimed to be an acknowledgment by the defendant of his indebtedness to the plaintiff is a statement, not

that the defendant admits, but that the Court of Probate has "found," that the plaintiff overpaid $44.77, and that the administrator "held" that sum. Neither the fact that the Court of Probate "found," nor that the defendant's account states that the Court of Probate "found", that there was an overpayment to the plaintiff, amounts to an unequivocal acknowledgment by the defendant that there was such an overpayment in fact, or that there was an existing indebtedness from the defendant to the plaintiff on account of such overpayment.

But even treating the items in question as a statement by the defendant of the fact that there was the overpayment, which the Court of Probate seems to have found was made by the plaintiff and retained by the defendant, such statement does not amount to an unequivocal acknowledgment by the defendant of an existing indebtedness to the plaintiff. The account is made up of two parts, and contains two sets of debits and credits. The first part contains charges to the amount of $531.70 and credits to the same amount, and shows that the executor advanced the sum of $201.70 to pay the debts. The second part relates entirely to the payment of the legacies and mortgage. It charges the defendant with the two items, Relihan Children Bequest, $200, Newton Osborn Mortgage, $150—$350. It then says, in effect, that in the payment of the sum of $131.67, which the account shows was advanced by the plaintiff to the defendant, there was an overpayment by $44.17 of that part of the legacies and mortgage which she was required to pay, namely, one fourth of the $350; and that, therefore, of the $131.67 the defendant was only entitled to a credit, *as against the charges of the legacies and mortgage,* of $87.50. While this is all true, it is not an admission by the defendant that the plaintiff was not required to pay

her portion of the debts of the estate, or that he was not entitled to apply the $44.17 in payment of her share of the $201.70 debts. This part of the account containing the statement of an overpayment had no reference whatever to the debts of the estate, or who should pay them, or whether or not the defendant might apply the $44.17 as the part of the debts to be paid by the plaintiff. Clearly, the statement in the account that there was an overpayment cannot be interpreted as a statement that there was an overpayment by the plaintiff of her part of the debts. So far as the account contains a statement that there was an overpayment, it is nothing more than a statement that there was an overpayment by the plaintiff of her share of the legacies and mortgage. But it is an unquestioned fact that the $44.17 was neither paid by the plaintiff, nor received or applied by the defendant, as a payment of the legacies and mortgage. The facts found ·show that it was explained to the plaintiff that in paying to the defendant the $131.67 she was paying him $87.50 as her one-fourth part of the $350, the amount of the legacies and mortgage, and paying him the remainder of the $131.17, namely, $44. 17, which was a little less than one fourth of the excess of the debts over the personalty, as her part of the debts; and the finding shows that this excess of debts of $201.70 has been paid by the defendant. Unless the probate account contains a clear admission by the defendant that the plaintiff ought not to have paid any part of the debts, or ought not to have paid such part as she did pay, it contains no such acknowledgment as is required to remove the bar of the statute. We find no such admission in the account.

It is true that the defendant, in good faith, informed his sister, the plaintiff, that the will required her to pay one fourth of the debts as well as one fourth of the amount of the legacies and mortgages. In this he was

mistaken. None of the devises were conditioned upon the devisees paying a part of the debts. But, apart from the provisions of the will, was it not the duty of the plaintiff as one of the four devisees to contribute, directly or indirectly, to the payment of the debts? The ordinary first provision of the will directing the executor to pay the debts and funeral charges as soon as practicable did not impose upon him the burden of paying the debts from his own pocket. The mistake of the defendant, in telling the plaintiff that the will required her to pay a fourth part of the debts, has no bearing upon the question of the defendant's claimed acknowledgment, unless it also appears that, irrespective of any provision of the will, it was not the duty of the plaintiff to pay her proportional part of the debts either directly, by an arrangement with her brothers, as was evidently done in this case, or by contribution, under § 308 of the General Statutes, after a sale of a part of the real estate, under § 353; and unless it further appears that in the probate account in question the defendant has clearly admitted that it was not the duty of the plaintiff to pay a part of the debts, irrespective of any provision of the will requiring her to. It neither appears that such was not in fact her duty, irrespective of the provisions of the will, but rather the contrary appears, nor does it appear that the defendant has acknowledged that such was not her duty, nor that he has acknowledged that he had not the right to hold the $44.17 and apply it for the purposes for which he evidently did apply it, and for which the plaintiff paid it to him, namely, as a part payment of the debts. The account neither contains an unequivocal acknowledgment of an existing indebtedness to the plaintiff of the $44.17, nor an acknowledgment that such an indebtedness ever existed.

The statement in the judgment-file, that the court

finds the issues for the plaintiff, is inconsistent with the statement in the memorandum of decision, that the plaintiff is not entitled to recover under the second count.

To properly present the question of whether there had been such an acknowledgment or new promise as would remove the bar of the statute of limitations, the acknowledgment or new promise relied upon by the plaintiff should have been pleaded in her reply to the answer of the statute of limitations. General Statutes, § 610; 1 Swift's Dig. 301; *Lord* v. *Shaler*, 3 Conn. 131. As that claim was not made below, we have considered the question of acknowledgment, as it evidently was by counsel and court in the trial court, as properly presented by the pleadings.

There is error, the judgment is reversed, and the case remanded with direction to render judgment for the defendant.

In this opinion the other judges concurred.