ANNA E. WELLS *v.* MIMA J. CARSON ET AL.

BALDWIN, INGLIS, O'SULLIVAN, QUINLAN and WYNNE, Js.

Argued October 9—decided December 8, 1953

*Frank S. Cappuccio,* of the Rhode Island bar, and *John E. Shields,* for the appellants (defendants).

*John F. Gallagher,* for the appellee (plaintiff).

WYNNE, J. The basic facts in this case are not controverted. The action was brought to foreclose a mortgage on property in Stonington. The mortgage was executed by Denison A. Chesebro to his son, Erastus D. Chesebro, under date of May 23, 1912. The plaintiff was the wife of Erastus and acquired title to the mortgage on March 8, 1937, from her husband's estate. At the time of the execution of the mortgage, the property was owned by Denison A. Chesebro. Upon his death on October 17, 1915, the property passed by descent to his three children, Erastus, Annie E. Northrup and the defendant Mima J. Carson. Upon the death of Erastus, his one-third interest went to the plaintiff. Annie died July 18, 1937, and her interest in the property was acquired by Mima, who thus became the owner of an undivided two-thirds. Mima lived, and still lives, on the property. On March 17, 1945, she conveyed her interest to Irving and Beatrice Rowe, the other defendants, reserving unto herself, however, a life estate. No payment on account of either principal or interest has ever been made on the mortgage. On October 4, 1941, Mima acknowledged in writing the existence of the mortgage and subordinated herself to the rights of the plaintiff, whom she recognized as mortgagee.

The defendants contend that, nothing having been paid on the mortgage for more than fifteen years, foreclosure is barred by analogy to the Statute of Limitations. It is also claimed that, since the mortgage note was on demand, the right to have the mortgage declared invalid irrevocably accrued to the defendants' predecessors in title seventeen years after the mortgage was executed. General Statutes § 7123. In the light of this, it is argued that the plaintiff is guilty of laches in her present action. The Statute of Limitations creates a defense to an action. It does not erase the debt. Hence the defense can be lost by an unequivocal acknowledgment of the debt, such as a new promise, an unqualified recognition of the debt, or a payment on account. *Potter* v. *Prudential Ins. Co.*, 108 Conn. 271, 280, 142 A. 891; *Blakeman* v. *Fonda*, 41 Conn. 561, 564; *Sears* v. *Howe*, 80 Conn. 414, 417, 68 A. 983.

The defendant Mima, by the document signed by her on October 4, 1941, unequivocally acknowledged the debt as a valid obligation. The mortgage securing the debt was recognized as a current lien against the property in question, notwithstanding the fact that no payments had ever been made on it.

The provisions of § 7123 of the General Statutes are of no avail to the defendants. That section provides for affirmative action brought to the Superior Court. Under it, the defendants or their predecessors in title could have brought an action for a discharge of the mortgage at any time after 1929. It is difficult to see why their failure to institute such an action can have imposed any duty upon the plaintiff to institute foreclosure proceedings at a time earlier than she did. Any rights which the owners of the equity of redemption in the property might have had by virtue of the section prior to the time

Mima acknowledged the mortgage were lost when she recognized the mortgage as a valid lien on the property. Laches in legal significance is more than mere delay. It is delay that works a disadvantage to another. *Mills* v. *Mills,* 119 Conn. 612, 621, 179 A. 5.

The assignment of error as to the admissibility of a letter signed by Mima requires no discussion. Since the assignment is not argued in the brief, we treat it as abandoned. *Freund* v. *Burns,* 131 Conn. 380, 386, 40 A.2d 754.

There is no error.

In this opinion the other judges concurred.