EDWIN A. WHITEHOUSE *v.* DOROTHY M. SAMMIS, EXECUTRIX (ESTATE OF JOSEPH MERCADANTE)

COTTER, C. J., LOISELLE, BOGDANSKI, PETERS and PARSKEY, Js.

Argued May 3—decision released July 31, 1979

*William T. Cahill,* for the appellant (defendant).

*Sperry A. DeCew,* with whom was *Kevin Tierney,* for the appellee (plaintiff).

BOGDANSKI, J. In 1971, the plaintiff instituted suit against the defendant Joseph Mercadante to recover on a debt allegedly contracted by Mercadante in 1937. Before trial, however, Mercadante died and Dorothy M. Sammis, the executrix of his estate, was substituted as the party defendant.[1] The court found the issues for the plaintiff, concluding that the conduct and writings of Mercadante constituted a sufficient acknowledgment to remove the bar of the statute of limitations. From that judgment the defendant has appealed to this court.

The trial court found that on November 8, 1937, the New York investment securities firm of Kennedy Hall & Company assigned to Edwin S. Whitehouse an $18,916.47 debt owed to it by Joseph Mercadante, in order to satisfy a debt which it owed to Whitehouse, and that between May 25, 1939 and December 18, 1939 Mercadante made payments to the plaintiff totaling $2925 on the debt. The court further found that Mercadante, during numerous conversations with the plaintiff between 1939 and 1966, acknowledged his indebtedness and stated his intention to pay.

On June 2, 1966, Mercadante sent the following letter to the plaintiff:

---

[1] This was done pursuant to General Statutes § 52-599 which provides that actions commenced prior to a party's death may be continued against the representative of the decedent.

"Aluminum Forming Corporation
2 West 45th Street
New York, New York 10036

Joseph Mercadante                                    June 2nd
     President

Dear Whitehouse:

I did not write to you before because I am waiting
for the lawyers to give me the agreement.

Also I cannot find your agreement, please let me
know the amount and as soon as I get the contract
I will write you a letter.

Regards

J. Mercadante"

We note at the outset that the plaintiff's action
would unquestionably be barred by the statute of
limitations,[2] at least by November 8, 1945,[3] unless the
plaintiff were able to establish the necessary
acknowledgment of the debt by Mercadante. When
an action is brought against the representative of a
decedent, however, the provisions of General Stat-
utes § 52-176[4] provide that an acknowledgment suffi-

---

[2] Section 52-576 of the General Statutes provides that no action
for an account or on a debt due by book to balance book accounts or
on any simple or implied contract, shall be brought but within six
years next after the right of action accrues.

[3] Payments made on a debt toll the running of the statute of
limitations.

[4] "[General Statutes] Sec. 52-176. PROMISE TO PAY BARRED DEBT
TO BE IN WRITING. In any action against the representatives of a
deceased person, no acknowledgment or promise shall be sufficient
evidence of a new or continuing contract to take the case out of the
statute of limitations, unless the same is contained in some writing
made or signed by the party to be charged thereby . . . ."

cient to remove the bar of the statute of limitations *must* be contained in a writing made or signed by the decedent.

The record indicates that the trial court concluded that Mercadante's death, prior to trial, and the substitution of the executrix of his estate as the defendant did not operate to make § 52-176 applicable. The court therefore admitted both oral and written testimony as to the existence and sufficiency of Mercadante's acknowledgments.

Although the defendant has briefed a number of assignments of error, the resolution of two issues is dispositive of this appeal: (1) whether the provisions of § 52-176 apply to actions commenced against a living defendant whose death occurs before trial, and (2) whether Mercadante's letter of June 2, 1966 operates as an acknowledgment of an existing debt sufficient to remove the bar of the statute of limitations.

Clearly General Statutes § 52-176 was designed to give the representative of a deceased person certain safeguards in defending a claim on a debt barred by the statute of limitations. The defendant contends that when an action has been commenced during a defendant's lifetime, the fact that the defendant dies prior to trial should also entitle the representative of his estate to these same substantive safeguards of § 52-176. We agree. But for his death, Mercadante would have been able to respond in court to the plaintiff's allegations. That circumstance is particularly important where, as here, the credibility of the parties is generally the determinative factor in the judgment rendered. We conclude that the provisions of § 52-176 are applicable and may be relied

upon by the representative of the deceased defendant, despite the fact that the action was commenced during the defendant's lifetime.[5]

Since the provisions of § 52-176 apply, an acknowledgment sufficient to remove the bar of the statute of limitations must be in writing and signed by the decedent. The only writing attributable to Mercadante which the plaintiff has offered and alleged to be an acknowledgment written within six years prior to the commencement of this action is the letter of June 2, 1966. That letter, however, contains no express promise by Mercadante to pay a debt owed to the plaintiff. Lacking any such provision, the letter must contain an unequivocal acknowledgment of the debt which will justify the inference of a promise to pay in order to remove the bar of the statute of limitations. *Sears* v. *Howe,* 80 Conn. 414, 417, 68 A. 983; *DeForest* v. *Hunt,* 8 Conn. 179, 184–85; 51 Am. Jur. 2d, Limitation of Actions § 328.

The instant letter does not justify such an inference: it is not unqualified, it is not unconditional and it is not an acknowledgment of a debt as originally just and yet subsisting. *Sears* v. *Howe,* supra, 417; *DeForest* v. *Hunt,* supra, 185. Furthermore, there is no indication from the letter that any of the transactions or writings to which Mercadante referred — the "agreement" held by "the lawyers," "your agreement," and "the contract" — involved a personal debt. Moreover, the record reveals that

---

[5] Most states have so-called "dead man's" statutes which disqualify a party from testifying in a suit against the estate of a deceased person as to matters involving a transaction with, or communication by, the deceased. 81 Am. Jur. 2d, Witnesses § 303. Since Connecticut does not have such a statute, the substantive protection afforded the representatives of a decedent's estate by the provisions of General Statutes § 52-176 is particularly important in defending the estate against fraudulent claims or unfounded causes of action.

Whitehouse himself testified that he did not understand the letter of June 2, 1966, in and by itself, to contain an unconditional acknowledgment of an existing debt.

While it is true that a written acknowledgment may be aided by other writings to which it refers or in answer to which it was written; *Sears* v. *Howe,* supra, 416; for such a writing to be incorporated, it must be in existence and be referred to by the person whose writing is sought to be considered as an acknowledgment.

Because there is no reference in Mercadante's letter of June 2, 1966, to any existing identifiable writing, there is no written evidence extrinsic to the letter to which the court can turn for guidance in interpreting the terms of the letter.

We conclude therefore that the letter of June 2, 1966, is not an acknowledgment of an existing debt sufficient to remove the bar of the statute of limitations.

There is error, the judgment is set aside and the case is remanded with direction to render judgment for the defendant.

In this opinion the other judges concurred.