[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE PREJUDGMENT REMEDY
Plaintiff seeks a prejudgment remedy of replevin of various items of personal property. His case is based on a note and chattel mortgage.[1]
Plaintiff has failed to sustain his burden of proof that he is presently entitled to the personal property, the "Antique Farm Machinery, in Bloomfield Farm Museum, which [defendant] owns."
The underlying debts which plaintiff claims are the consideration recited in that mortgage were incurred by defendant between June 6, 1973 and September 1, 1984.[2] As to all of those the statute of limitations, C.G.S. § 52-576, had run at the latest by September 2, 1990. This suit was begun June 16, 1995.
Plaintiff claims that defendant waived that statute of limitations on October 31, 1989. The court does not treat this as a "waiver" matter but rather as plaintiff's claim that on that date defendant acknowledged his various debts by signing at the bottom of a list of debts, "I Wentworth Phillips waive the statute of limitations and acknowledge the foregoing bills and CT Page 13406 Feury Estate with interest. W. T. Phillips." Defendant received no consideration for this claimed acknowledgment.
"The Statute of Limitations creates a defense to an action. It does not erase the debt. Hence, the defense can be lost by an unequivocal acknowledgment of the debt, such as a new promise, an unqualified recognition of the debt, or a payment on account."Wells v. Carson, 140 Conn. 474, 476. Defendant did acknowledge the debts on October 31, 1989. No consideration is required for the acknowledgment to be effective.
The plaintiff claims that the Antique Farm Machinery he seeks is the sheep shears, ice axe, tongs, churn, wall pump, stove and iron, sleigh, and sausage grinder. The court cannot find that an axe, a stove and a sleigh are machinery.
Our C.G.S. § 42a-9-110 states, "For the purposes of this article any description of personal property . . . is sufficient whether or not it is specific if it reasonably identifies what is described." Plaintiff's chattel mortgage description does not conform to that rule.
A chattel mortgage is a security agreement and if properly executed is effective to create a security interest between the parties. C.G.S. § 42a-9-201 et seq. To be enforceable against the debtor the collateral must be in the possession of the secured party unless "the debtor has signed a security agreement which contains a description of the collateral . . . (b) has been given value; and (c) the debtor has rights in the collateral." C.G.S. § 42a-9-203(1). Again, the description is faulty.
The court has no testimony or affidavit of the value of the items sought to be replevied nor has it a bond in twice the sum of such value.
Application is denied.
N. O'Neill, J.