[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
I. Facts
This is a foreclosure action arising out of unpaid common charges. The plaintiff is a condominium association located in Rocky Hill, Connecticut. The defendant has owned a unit in the Oaks Condominium, known as 69 Copper Beach Drive, Rocky Hill, Connecticut, since March, 1988. At all times relevant hereto, the Condominium Association has validly levied common charges in the monthly amount of $96.88.
This matter arises out of a dispute between the parties concerning the replacement of the defendant's garage door. The Condominium Association decided that a new door was not structurally required for his unit, and declined to replace the door. However, the Board agreed to let the defendant replace the door at his own cost. The defendant, disagreeing with the Board of Directors of the Condominium Association, replaced the garage door and unilaterally decided to withhold common charge installments during the months of March, April, May and June of 1992.
The defendant agrees that his failure to pay common charges was not due to any financial hardship, mistake, or other reasonable cause. He admits that his dispute with the Association over the garage door was his only reason for not paying common charges.
After four months of nonpayment, the defendant began to pay common charges installments again, in July of 1992. The Condominium Association applied these payments to the common charges that accrued first in time, that is, for March, April, May and June, 1992. This continued until commencement of the lawsuit in April, 1995. According to the plaintiff's financial officer, this "first in time" application of payments is consistent with the manner in which bookkeeping is generally done in the management of condominium associations. It is also beneficial to the delinquent unit-owner, who would otherwise be CT Page 9822 charged substantial late fees under the rules and regulations if his payment of common charges were not applied to those accruing first in time.
The defendant's defense to this action is that this lawsuit falls outside of the statute of limitations for a foreclosure action, since this action was not brought within two years of June 1992, the date of the last nonpayment.
II. Discussion
The plaintiff seeks to foreclose a lien statutorily created by General Statutes § 47-258 (a) for four months of unpaid condominium charges. In documents filed with the court, and in his deposition, Mr. Lemay agrees that he did not pay the common charges in question.
Rather, the defendant claims in his Special Defense that the plaintiff's lien for common charges under General Statutes § 47-258 expired two years after his failure to make common charge payments in June of 1992. In response, the plaintiff argues that because it has applied payments to the defaults "first in time," i.e., March through June, 1992, the operative date for measuring the two year statute of limitations is not June, 1992, but rather the four months immediately preceding the filing of this complaint — well within the two year statute of limitations. The defendant rejoins that he specifically allocated payments to current obligations, not those arising out of the March-June 1992 nonpayment, and therefore the present claim for the 1992 payment is time barred.
The defendant's position disregards several important elements. First, General Statutes § 47-257 makes it clear that common charges must be paid by the unit owners, with no excuses, evidencing a clear legislative intent favoring collectability of a condominium association's lien. Hudson House Condominium Assn.V. Brooks, 223 Conn. 610 (1992); Anchorage Condominium v. Smith,1 CSCR 841 (1986).
Next, nowhere in the Common Interest Ownership Act, nor in the Condominium Act, is there any provision relating to the way payment must be applied. While it is generally accepted that payments will be applied as directed by a debtor, there are certain exceptions to this rule. One such exception is the installment debt exception. "Absent an agreement to the contrary, CT Page 9823 a payment on an obligation payable in installments is applicable to the installment first falling due." 60 Am.Jur.2d, Payment, § 117 (Emphasis Added).
Moreover, in this case there are a number of payments which were not earmarked by the defendant or were erroneously earmarked. In such a situation, it is undisputed that a creditor may apply the payment to whichever debt he chooses. Seegenerally, 60 Am.Jur.2d, Payment, § 94. Here, at least four payments, made in February 1993, November 1993, March 1994 and March 1995, are not earmarked at all, and fifth payment made in July 1993 has in the memorandum section the notation "July 1992". Even if the defendant had a right to earmark installment payments, this July 1992 payment is unallocated, and therefore may also be applied first in time, as the plaintiff has done.
Because the statutes do not allow for refusal to pay common charges — See, Anchorage Condominium v. Smith, 1 CSCR 841 (1986); Statutes § 47-257 — it would be inequitable to allow the defendant to allocate payment in such a way as to escape liability for nonpayment, particularly in the absence of any good faith defense to the nonpayment.
Further, it is clear that in applying the statute of limitations to an accounts every new item of credit or part payment is an "acknowledgment" of the account and is equivalent to a "new Promise" to pay the balance due thereon. See generally,Weadon v. First National Bank Trust Company, 129 Conn. 541
(1943).
Likewise, the same rule is found with regard to the foreclosure of mortgages. If a foreclosure action is barred because of the operation of the statute of limitations, the case is revived by an acknowledgment of the debt or a payment on the account. See, Wells v. Carson, 140 Conn. 474 (1953); Lesser v.Lesser, 134 Conn. 418 (1948). Accordingly, Mr. Lemay's payment under his account operated as a reaffirmation of debt due under that account. Therefore the right to foreclose is not lost.
The plaintiff's motion for judgment of strict foreclosure is granted. The amount of the debt, including attorneys fees, will be determined at a subsequent hearing.
HOLZBERG, J. CT Page 9824