[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
STATEMENT OF THE CASE
On May 21, 1997, this action was tried before the court on the complaint of the plaintiff McMillan Rabinow. Count One of the complaint alleges that the plaintiff provided legal services for the defendant Eagle Hill Corporation and is entitled to damages because Eagle Hill and its successors failed to pay for these services. Count Two of the complaint asserts a claim for unjust enrichment also based on the defendants' failure to pay for these legal services.
At the end of the trial, the court issued a preliminary decision resolving some of the issues presented. As to Count One the court preliminarily issued a decision in favor of the plaintiff and against the defendants for $1743.75 on the basis of the court's finding that this amount of the plaintiff's claim was within the statute of limitations. The court, however, reserved decision on the balance of the plaintiff's claims under Count One in order for the parties to brief the plaintiff's allegation that a communication made by an Eagle Hill employee constituted an acknowledgment of the debt that tolled the six year statute of limitations under General Statutes § 52-576.[1]
As to Count One, the court also reserved judgment on plaintiff's claim for attorney fees and allowed the parties to brief whether the retainer agreement between the plaintiff and Eagle Hill authorized the plaintiff to recover attorney fees incurred by the plaintiff to collect money owed under the agreement.
As to Count Two, the court in its preliminary ruling held that judgment should enter in favor of the defendants.
DISCUSSION
 I
CT Page 10355
The facts indicate that from approximately 1983 to 1989, the plaintiff performed legal services for the defendant Eagle Hill Corporation. The plaintiff submitted invoices to Eagle Hill for these services for which approximately $72,109 went unpaid. New management acquired control over Eagle Hill and the new management was unfamiliar with the plaintiff's work and questioned the amount of the fees.
On January 22, 1990, May Rich, a business manager of Eagle Hill, sent the plaintiff a letter stating the following:
 "We would like to settle the balance due you from Eagle Hill Corporation. Would you please send us a detailed invoice that I may have approved by an Eagle Hill officer.
 I have previously called and requested a breakdown but we never received one. Thank you." (Exhibit 23).
The defendants never received a detailed invoice from plaintiff that sufficiently satisfied them and the plaintiff's invoices were not paid. The plaintiff argues that the statute of limitations has not run on any part of its claim because May Rich's January 22, 1990 letter constitutes an acknowledgement of the debt.
In order for an admission regarding the existence of a debt to constitute an acknowledgement of me debt, the admission most clearly, unequivocally, and unconditionally acknowledge that the debt is due and owing. See Whitehouse v. Sammis, 178 Conn. 529,533 (1979); Buckley v. Buckley, 144 Conn. 403, 411 (1957). On the basis of the language of May Rich's letter and the evidence produced regarding it, the letter fails to comprise these requisite elements necessary to make it an acknowledgement of the debt. The contents of the letter and the context of its mailing establish that the letter was mailed to acquire information in order to evaluate the basis of the plaintiff's claim. The letter expresses a desire to "settle" the amount due, but only after Eagle Hill received a "detailed invoice", which invoice would have to be approved by an officer of the company. There is no specific amount stated in the letter and Ms. Rich testified that she did not know and had no basis to determine the total amount of the plaintiff's claim. The letter acknowledges the existence of a claim, but neither indicates, nor was it intended to indicate, that the claim was a valid debt which Eagle Hill was obligated to pay. The letter seeks information to allow Eagle CT Page 10356 Hill to review and settle a claim and does not represent an acknowledgment that a specific debt is owed. Thus, the court finds that the letter is too equivocal and conditional to represent an acknowledgement of me debt sufficient to toll the statute of limitations.
 II
As part of its preliminary holding, the court found that under the written retainer contract between the plaintiff and Eagle Hill, the plaintiff was entitled to recover $1,743.75. The plaintiff argues that the following language of this contract allows it to recover attorney fees incurred in the collection of this debt:
 "Our minimum rates and terms are a discount that assumes, among other considerations, payment of such bills in due course and reasonably promptly . . . . Therefore, we reserve the right to cancel retroactively all discounts to accounts that are not paid within a reasonable length of time or in due course, and to rebill such delinquent accounts both at our basic hourly rates (currently $100) and for all time actually spent, including time previously not charged, whether on substantive matters or on collection or other miscellaneous activities." [emphasis added]
The court finds that the above contractual language concerning "collection or other miscellaneous matters" clearly and unambiguously pertains to the plaintiff's right to rebill delinquent accounts at the firm's full rates, and that this rebilling may be made for bills issued for "substantive" work, as well as for "collection" work performed by the firm on behalf of the client. This provision does not provide that the plaintiff is entitled to recover attorney fees if the plaintiff takes legal action to recover fees owed to it by Eagle Hill.
Under Connecticut law, in order for a prevailing party to be entitled to attorney fees, there must be either a statute or a contract allowing for such a recovery. Doe v. State,216 Conn. 85, 106 (1990). No statute authorizes the plaintiff to recover attorney fees in this action, and the plaintiff has failed to meet its burden of proof that the parties' contract provided for the plaintiff's recovery of attorney fees as a prevailing party.
CONCLUSION
CT Page 10357
Therefore, for all the foregoing reasons, judgment shall enter in favor of the plaintiff and against the defendant on the First Count for $1,743.75; and judgment shall enter against the plaintiff and in favor of the defendant Oil the Second Count. Dated this 6th day of October 1997.
Stevens, J.