[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] REVISED MEMORANDUM OF DECISION
The plaintiff moves for summary judgment on this declaratory judgment action which she has brought to determine whether she is entitled to have escrowed funds released to her. A written agreement between the plaintiff and the defendant, dated January 26, 1990, provided that the "sum of TEN THOUSAND DOLLARS shall be due and payable by SHEILA L. O'CONNELL to JOHN D. O'CONNELL on or before January 26, 1993." The gravamen of the plaintiff's motion is that the six year statute of limitations; General Statutes § 52-576; for bringing an action based on the 1993 agreement has expired.
Since more than six years has elapsed since the date the plaintiff was to perform under the agreement, the statute bars an action on the agreement unless some exception to its operation may be established. The defendant claims that a letter written to his attorney by the plaintiff's attorney on May 29, 1996 tolls the statute of limitations. That letter states:
 Pursuant to our conversation, I will hold $7,500.00 in escrow in the Branford Savings Bank not to be released until so ordered by the Court or until mutually agreed by our clients.
 In consideration of the escrow, you will provide me a release of a certain agreement between the parties dated January 26, 1990, and recorded in Volume 543 at Page 229 of the Branford Land Records.
Thank you for your cooperation.
CT Page 8909
The defendant's attorney provided the release and the $7,500.00 was placed in escrow.[1]
Practice Book § 17-54 provides: "The judicial authority will, in cases not herein excepted, render declaratory judgments as to the existence or nonexistence (1) of any right, power, privilege or immunity; or (2) of any fact upon which the existence or nonexistence of such right, power, privilege or immunity does or may depend, whether such right, power, privilege or immunity now exists or will arise in the future." Practice Book § 17-55 further provides: "A declaratory judgment action may be maintained if all of the following conditions have been met:
(1) The party seeking the declaratory judgment has an interest legal or equitable, by reason of danger of loss or of uncertainty as to the party's rights or other jural relations; (2) There is an actual bona fide and substantial question or issue in dispute or substantial uncertainty of legal relations which requires settlement between the parties; and (3) In the event that there is another form of proceeding that can provide the party seeking the declaratory judgment immediate redress, the court is of the opinion that such party should be allowed to proceed with the claim for declaratory judgment despite the existence of such alternate procedure." A declaratory judgment action to determine whether a claim is barred by the statute of limitations is appropriate. Skidmore, Owings Merrill v. Connecticut General Life Ins. Co., 25 Conn. Sup. 76,197 A.2d 83 (1963).
Since, in the context of the present dispute, the language of the May 29, 1996 letter is clear and definitive, its import may be determined as a matter of law. See, e.g., Pesino v. Atlantic Bank of New York,244 Conn. 85, 92, 709 A.2d 540 (1998)
"The Statute of Limitations creates a defense to an action. It does not erase the debt. Hence the defense can be lost by an unequivocal acknowledgment of the debt, such as a new promise, an unqualified recognition of the debt, or a payment on account." Wells v. Carson,140 Conn. 474, 476, 101 A.2d 297 (1953). "The acknowledgment does not itself revive the debt, but out of it the law raises or implies a promise to pay." Potter v. Prudential Ins. Co., 108 Conn. 271, 281, 142 A. 891
CT Page 8910 (1928); see Radigan v. Hughes, 84 Conn. 137, 141, 79 A. 50 (1911). There is no required form or format for an acknowledgment of a debt for purposes of removing it from the statute of limitations. Estate of Markley, 922 S.W.2d 87, 95 (Mo.App. 1996). Thus, in Norton v. Shepard,48 Conn. 139, 142 (1880), the defendant's statement that "I will pay them [the debts] as soon as possible" was deemed a sufficient acknowledgment to take the case out of the statute of limitations. In Blakeman v. Fonda, 41 Conn. 561 (1874), the defendant's statement that "If you will call in two weeks I will pay you something on it [the debt], I cannot tell how much, " was also a sufficient acknowledgment of the debt. In De Forest v. Hunt, 8 Conn. 179, 183 (1830), "[t]he plaintiffs, by letter, claimed a debt; and so far from denying this claim, it was said by the defendant that he was extremely sorry to say, the prospect of present payment was not very flattering, as it was utterly out of his power to pay any thing." (Emphasis in original.) Again, the statement took the debt out of the statute of limitations.
Here, the parties escrow agreement contains no such express or implied acknowledgment of the debt. Indeed, the condition of the escrow, that the money would not be released unless ordered so by a court or by the parties' mutual agreement contemplates that the entitlement to the money is very much in dispute. The plaintiff's providing a fund out of which a judgment might be satisfied, in part, should the debt be found justly owing is, without more, not such an unequivocal acknowledgment of the debt as to take it out of the statute of limitations. Sheperd v. Thompson, 122 U.S. 231, 240, 7 S.Ct. 1229, 30 L.Ed. 1156 (1889) Van Diest v. Towle, 116 Colo. 220, 179 P.2d 984, 992 (1947).
The plaintiff's motion for summary judgment is granted and a declaratory judgment may enter that the plaintiff is entitled to the $7,500.00 held in escrow.
BY THE COURT
 ____________________________ Bruce L. Levin Judge of the Superior Court